## OHIO CASUALTY INS. CO. v. ROSAIA et al. *

### No. 7413.

Circuit Court of Appeals, Ninth Circuit.

Jan. 7, 1935.

Whittemore & Truscott, William J. Truscott, and Harold A. Seering, all of Seattle, Wash., for appellant.

Wright & Wright, Tucker & Tucker, and Elias A. Wright, all of Seattle, Wash., for appellees.

*Rehearing denied March 25, 1935.

Before WILBUR and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Ralph Sidis and Seniuru Sidis, husband and wife, recovered judgment for $4,050.80 in the superior court of King county, Wash., against George P. Rosaia and his wife and daughter for injuries received by Mrs. Sidis in an automobile accident. The defendants therein then brought this action in the District Court of the United States for the Western District of Washington, Northern Division, against the appellant, the Ohio Casualty Insurance Company, upon a policy of automobile casualty insurance issued April 10, 1929, to George P. Rosaia covering a Studebaker sedan owned by him and his wife, which policy was in effect at the time of the accident. Appellees recovered judgment against that company for $6,157, being the full amount of the judgment recovered against them in the state court, together with their expenses incurred in that action. From this judgment of the District Court the insurance company appeals, claiming that it is released from liability because the insured failed to comply with the condition of the policy requiring immediate notice of the accident. Notice was not given the company until a year and a half after the accident. Mr. Rosaia heard nothing of the accident from the occupants of the Sidis car until February 7, 1931, when appellees received a letter from a firm of attorneys in Seattle, Wash., stating that they represented Ralph and Seniuru Sidis, and that they would commence suit within five days unless some response to the alleged claim of the parties was received within that time. The appellees claim this was the first notice or knowledge they had as to any claim arising out of the accident or that any one was injured therein, or that any property was damaged. Upon receipt of this letter, Mr. Rosaia immediately reported the accident to the Ohio Casualty Company. Suit was brought by plaintiffs, with the result as stated above.

The provision of the policy requiring notice of accident is as follows: "Upon the occurrence of an accident covered, involving injuries to persons, or damage to the property of others, by this policy, the assured shall give immediate written notice thereof, with the fullest information obtainable at the time, to the Home Office of the company. If any claim is made on account of such accident the assured shall give like notice thereof with full particulars. If thereafter suit is brought

against the assured to enforce such claim, the assured shall immediately forward to the company every summons or other process served upon the assured, and the company will at its own cost defend such suit in the name and on behalf of the assured."

In order to understand the appellees' contention, it is necessary to state the facts concerning the accident.

On July 7, 1929, Evelyn Rosaia, the daughter of George P. and Gilda Rosaia, with their knowledge and consent, was driving the automobile along a highway in the state of Washington when it collided with an automobile owned by Ralph Sidis, the husband of the injured woman. His car was driven by Albert Peha. At an intersection of roads, the Sidis car was suddenly stopped. The Rosaia car, which had been following the Sidis car for about a mile, was 30 or 40 feet behind it when it stopped. Being unable to turn to the left because of the approach of another automobile, the Rosaia car collided with the rear end of the Sidis car, knocking it ahead about 10 feet. The Sidis car stopped with the two front wheels in a drainage ditch, which was about 18 inches deep. The Sidis car was not seriously injured. It was pushed out of the ditch and driven away under its own power.

There were two men and two women in the Sidis car at the time of the accident. Miss Evelyn Rosaia, who was driving the Rosaia car at the time of the accident, testified that Mrs. Sidis told her "she had hurt her head. I asked to take her to a doctor, but she did not want to. When she walked across the road, I saw no evidence of injury. I saw no contusions or cuts about her head. * * * There was nothing in this accident that indicated that there was any damage done. Miss Middleton [Miss Rosaia's companion in the car] and I went back to the nursery when we left and I told my father about the accident. I did not tell him that anyone had been hurt; but told him that I just hit a car on the highway and that the only thing that happened was a bumper came off on our car."

 The court submitted to the jury the question of whether or not the notice given by the insured was timely under the policy. We will accept appellant's summary of the several instructions given by the trial judge on this subject as a fair statement of their substance and effect, as follows: "The court instructed the jury that if the plaintiffs exercised due diligence in an attempt to ascertain whether injury had been suffered, and acting as reasonably prudent individuals concluded that there was no injury upon which a claim could be predicated, then there was no duty on their part to report the matter to the insurance company until they received notice of injury or claim. As the test of diligence, the court advises the jury to consider what was said, location of the injury claim at the time of the accident, and the nature of the injury upon which recovery was predicated."

This is in substantial accord with the statement in Ruling Case Law, vol. 14, p. 1330, § 503, as follows: "The requirement of a liability policy that notice shall be given on the occurrence of an accident does not require notice of an accidental occurrence where no bodily injury is apparent and there is no reasonable ground for believing that a claim for damages will be made, and the duty to give notice does not arise until the subsequent facts would suggest to a reasonably prudent person that a liability might arise."

This instruction to the jury was a fair statement of the law. The Supreme Court of Washington in Larson v. New Jersey Fidelity, etc., Co., 167 Wash. 86, 8 P.(2d) 985, 986, had under consideration a liability under a policy similar to that involved in the case at bar. In that case the policy required "immediate written notice of any accident." The automobile driven by the insured collided with a pedestrian in the street. The insured testified: "I started to stop, and just as I bumped her—well, I did stop—she didn't fall clear down, just about half way, and she grabbed the motormeter, and then she jumped up and ran for a street car, and I drove on out of the traffic and stopped again, but she was gone then. * * * I didn't think she was hurt at all, she ran so fast when she got up."

The court approved the following definition of an accident as that term is used in the policy of insurance: "The word 'accident' referred to in the policy, of which immediate written notice is required to be made, does not mean every accident or mishap, casualty or misadventure occurring without bodily injury. If no apparent injury occurred from the mishap and there was no reasonable ground for believing at the time that bodily injury would result from the accident, there was no duty upon the assured to notify the insurer. If the accident would not in an ordinary mind induce a reasonable belief that it might result in bodily injury there was no obligation on the part of the assured to notify the insurance company. The duty of the assured under such circumstances with respect to giving notice is performed if he gives notice within a reasonable time after he became

aware in the exercise of ordinary care of the serious aspect of the injury suggestive of a possible claim for damages under the policy."

The Supreme Court of Nebraska in George v. Ætna Casualty & Surety Co., 121 Neb. 647, 238 N. W. 36, 37, had under consideration a public liability policy of insurance containing a requirement for immediate notice of an accident, as follows: "Upon the occurrence of an accident the assured shall give immediate written notice thereof with the fullest information obtainable to the company or its duly authorized agent. * * * Failure to give any notice required to be given by this policy within the time specified therein shall not invalidate any claim made by the assured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible."

The accident in that case occurred January 20, 1926. Written notice of the accident was given in November or December, 1926, as soon as the insured ascertained that there was a claim of liability for the accident. The injured person had fallen on the sidewalk in front of plaintiff's residence and broken her leg. The insured first learned of the accident several weeks after it occurred, but testified that at that time he did not know, and had no reason to believe or suppose, that he was in any way responsible or liable therefor. The court held that the insured was not required to give notice of a trivial mishap or occurrence, although such mishap might afterwards result in serious injuries, citing Melcher v. Ocean Accident, etc., Corp., 226 N. Y. 51, 123 N. E. 81. The court also held that the word "immediate" "means in such convenient time as is reasonably necessary under the circumstances," and held:

"Notice is not required until such facts have developed as would suggest to a person of ordinary and reasonable prudence that liability may arise, and the requirement of notice is met by giving notice within a reasonable time after the injury presents an aspect suggestive of a possible claim for damages. * * *

"The term 'immediate notice' is to be reasonably construed in connection with the attendant circumstances, and in a case where there is no bodily injury apparent at the time of the accidental occurrence and there is no reasonable ground for believing that a claim for damages may arise therefrom, the assured is not required to give the insurer notice until the subsequent facts as to the injury are brought to his attention, and if notice is given immediately thereafter with full information as to the accident, such notice will be sufficient compliance."

The court held in that case that it was error for the trial judge to decide as a matter of law that the policy had been breached by the failure to give the notice required thereunder, and held that the question was one to be submitted to the jury, stating: "In such a case the insured is entitled to have all of the facts and attendant circumstances, including the question of whether the facts known to the insured would require a person of ordinary and reasonable prudence to believe that liability to the injured person might arise, submitted to a jury for determination under proper instructions."

See, also, Melcher v. Ocean Accident & Guaranty Corp., supra.

We think it unnecessary to discuss at length the numerous cases cited by the parties in their briefs on the general question of the effect of the requirement of notice of an accident such as contained in the policy involved in the case at bar. The appellees contend that in deciding this question we should be controlled by the decision of the Supreme Court of Washington, in which state the contract was made and in which it was breached, citing a decision by this court. Community Bldg. Co. v. Maryland Casualty Co., 8 F. (2d) 678. We are satisfied, however, that under the general rule applicable in such policies the question in the case at bar was one for the jury to determine, and that the question was submitted to them on the proper instructions.

Judgment affirmed.