**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., a corporation, Plaintiff-Appellant,**

v.

**Coleman C. MURNION and Virginia Murnion, Defendants-Appellees.**

No. 24038.

United States Court of Appeals, Ninth Circuit.

March 24, 1971.

Jacque Best (argued), Habedank, Cumming & Best, Sidney, Mont., for plaintiff-appellant.

Gene Huntley (argued), Baker, Mont., for defendants-appellees.

Before JERTBERG, MERRILL and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The insurer, State Farm, brought action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, to obtain a determination of its liability for a claim under a policy of insurance issued to defendants Murnion. After trial to a jury, judgment was entered that the policy did cover the claim, and the insurer has appealed. We affirm.

The insured vehicle, being driven by Mrs. Murnion, was involved in a collision at an icy intersection in Jordan, Montana, in March 1965. It struck the left side of a pickup truck driven by Merle Drane. The Murnion car was dented slightly but never repaired and damage to the Drane vehicle was estimated at "something around $94," but that, too, was not repaired. A local police officer was called to the scene, made some investigation and took notes on the accident, but cited neither driver for a traffic violation. Apparently, he made no formal report and his notes were lost, he having died before trial.

The questioned liability here does not involve property damage but rather personal injury sustained by Mr. Drane. At the accident scene, he showed no signs of injury and said nothing to Mrs. Murnion to indicate that he might be hurt. She was unhurt. The two vehicles had been going slowly because of the hazardous street conditions and, after the collision, both were operable.

Almost three years passed before the Murnions heard anything further from or about Mr. Drane. In March 1968 he called to tell Mrs. Murnion that he had suffered serious injury and had incurred medical expense. He inquired about liability insurance which might cover his loss. The 1965 State Farm policy had long since expired, was destroyed, and replaced by other coverage. Mr. Murnion spent a few days trying to determine what coverage he had three years earlier, then notified State Farm and delivered to its agent the summons and complaint which he had then received.

Suing in state court, Drane sought damages of $76,000 for his alleged disabling injury which resulted from the accident. It was the first notice to the insurer that its insured had been involved in an accident three years earlier. It brought the present action to have determined its liability under the policy.

State Farm denied liability pursuant to a clause of the policy which required the insured to give notice of an accident to the company "as soon as practicable." Upon trial, the jury found in favor of the Murnions and, in answer to a special interrogatory, found that the notice was given as soon as practicable under the circumstances.

## WHAT LAW GOVERNS?

There was diversity of citizenship here, State Farm being incorporated in Illinois and having its principal place of business there, and the Murnions being residents of Montana. The federal courts must apply state law. Further, because the policy was written in Montana to insure residents of that state and because the accident occurred there, Montana law must apply. *See*

Hawkeye-Security Insurance Co. v. Davis, 277 F.2d 765 (8th Cir. 1960).

## WAS NOTICE GIVEN "AS SOON AS PRACTICABLE"?

There is little Montana law to guide us in determining whether notice here was timely given. Montana courts will give effect to policy provisions which require the insured to give notice "immediately" or "as soon as practicable." *See, e.g.*, Boldt v. State Farm Mutual Automobile Ins. Co., 151 Mont. 337, 443 P.2d 33 (Mont.1968); Montana Auto Finance Corp. v. Federal Surety Co., 85 Mont. 149, 278 P. 116 (1929).

■ Satisfaction of such requirements is a condition precedent to liability. *See* LaBonte v. Mutual Fire & Lightning Ins. Co., 75 Mont. 1, 241 P. 631 (1925); Careve v. Phoenix Ins. Co., 67 Mont. 236, 215 P. 235 (Mont.1923); Tuttle v. Pacific Mutual Life Ins. Co., 58 Mont. 121, 190 P. 993 (Mont.1920).

■ Though notice as required by the policy may be a condition precedent to liability, delay in reporting is excusable when the accident is trivial, results in no apparent harm and furnishes no reasonable ground for the insured to believe that a claim might arise. In such cases, notice is not required until a claim is made or reasonably may be anticipated. Ohio Casualty Ins. Co. v. Rosaia, 74 F.2d 522 (9th Cir. 1935).[1]

The rule in *Rosaia* is quite universally recognized and followed. Maryland Casualty Co. v. Sammons, 99 F.2d 323 (5th Cir. 1938) involved a trivial accident not reported for more than two months. The question of timely notice was held to be a jury question. *See also* Utah Home Fire Ins. Co. v. Mechanical Equip-

ment Co., 242 F.2d 513 (5th Cir. 1957) in which the *Rosaia* rule was followed. It has also been recognized in Montana, at least in federal cases under diversity of citizenship. Fireman's Fund Indemnity Co. v. Kennedy, 97 F.2d 882 (9th Cir. 1938), citing and distinguishing our opinion in *Rosaia*.

■ It was correct under this view of Montana law for the district court to submit the question to the jury since timeliness of notice and excuse for delay are traditionally questions of fact. *See* American Surety Co. v. Pauly, 170 U.S. 133, 18 S.Ct. 552, 42 L.Ed. 977 (1898); Fidelity & Deposit Co. of Maryland v. Bates, 76 F.2d 160 (8th Cir. 1935). Under the facts of this case, we cannot say that the jury's determination was without support in the record.

## MUST THE INSURER SHOW PREJUDICE?

Prior to trial, the district court ruled that State Farm must show that it was somehow prejudiced by the delay in notification and that prejudice would not be presumed from the delay. Unlike the trivial occurrence rule discussed above, there is substantial variance among the several states on this question.

California, for example, requires a showing of prejudice before an insurance company can rely upon delay in notification. *See, e.g.*, Atlantic Mutual Ins. Co. v. Cooney, 303 F.2d 253, 264–265 (9th Cir. 1962). Texas law, on the other hand, is equally clear in that prejudice is irrelevant where the issue is timeliness of notice. *See, e.g.*, United States Casualty Co. v. Schlein, 338 F.2d 169, 174 n. 5 (5th Cir. 1964). Washington apparently falls somewhere in between these two extremes in holding

---

1. In *Rosaia*, a minor accident happened to the insured vehicle in July 1929. The other vehicle was driven away under its own power. A passenger showed no evidence of injury but said she "hurt her head." No claim was made until February 1931, when the insured received and promptly reported a letter of demand from counsel for the injured woman. The delay of one year and a half in giving notice was held to be a question for the jury.

that the question of prejudice depends upon the amount of delay. *See* Sears, Roebuck & Co. v. Hartford Accident & Indemnity Co., 50 Wash.2d 443, 313 P.2d 347 (1957).

Unfortunately, we have neither been cited nor able to locate any Montana cases on this point. The district judge here was in the same position as the trial court in Hawkeye-Security Ins. Co. v. Davis, 277 F.2d 765 (8th Cir. 1960). There, the judge was faced with apparently conflicting cases in Missouri on whether the insurer needed to show prejudice before it could rely upon the delay in presentation of notice. The district court here was faced with a situation where there was no state law.

■■ The federal district judge here is a Montana lawyer with considerable experience. We agree with Professor Moore that "an interpretation of local law by federal judges experienced therein should be given great weight." J. Moore, Federal Practice, ¶0.309 [2] at 3330. (2d ed. 1964). Since there is no state law on this point, we cannot conclude that the able and experienced district judge was "induced by a clear misconception or misapplication of local law." Hawkeye-Security Ins. Co. v. Davis, *supra*, at 770. Under these circumstances, this court has consistently held that it will defer to the views of the district judge unless convinced that they are clearly wrong. *See* Turnbull v. Bonkowski, 419 F.2d 104, 106 (9th Cir. 1969) and cases cited therein. *See also* Bernhardt v. Polygraphic Co., 350 U.S. 198, 76 S. Ct. 273, 100 L.Ed. 199 (1956).

## CONCLUSIONS.

State Farm's other points on appeal are without merit. The court's instructions to the jury were proper when read in context. The jury determined the factual issues as to triviality of the accident against State Farm, and there was abundant evidence to support its determination.

Affirmed.