**STONEWALL INSURANCE COMPANY, Plaintiff,**

v.

**Carter R. HAMILTON, et al., Defendants.**

**Civ. A. No. 88–0263–A.**

United States District Court, W.D. Virginia, Abingdon Division.

Dec. 20, 1989.

James R. Hodges and Amelia L. Bland, Abingdon, Va., for plaintiff.

Thomas W. Goodman, Jr. Pikeville, Ky., for Hampton.

William W. Eskridge, Abingdon, Va., for Kentucky.

GLEN M. WILLIAMS, Senior District Judge.

### FACTUAL BACKGROUND

The defendant Carter Hamilton was formerly insured under an automobile liability insurance policy ("Policy") issued by Stonewall Insurance Company ("Stonewall"). On June 26, 1987, a vehicle operated by

Hamilton was allegedly involved in an accident ("Accident") with another vehicle in which defendant Dona Hampton was a passenger. On June 30, 1988, Hampton filed a suit against Hamilton in the Circuit Court of Dickenson County, Virginia and on September 2, 1988 she filed one against Hamilton and defendant Kentucky Central Insurance Company ("Kentucky Central") in the Circuit Court of Pike County, Kentucky; both suits were in regard to the alleged negligence of Hamilton in causing the Accident.

The Policy contained the following clause: "In the event of an accident or loss, notice must be given to us promptly. The notice must give the time, place and circumstances of the accident or loss, including the names and addresses of injured persons and witnesses." The Policy nowhere states that this clause is a condition precedent to coverage or that failure to comply with the clause would result in forfeiture of the coverage. Hamilton failed to notify Stonewall of the Accident. Stonewall did not learn of the Accident until July 14, 1988.

Hamilton allegedly first learned that a claim may have been or would be filed against him in regard to the Accident from a telephone conversation with his wife in January, 1988. Deposition of Carter R. Hamilton 10–13. Apparently, someone had contacted her about the Accident. *Id.* However, it was not Stonewall, which first contacted her about the claims in July, 1988. *See* Affidavit of Nanette Renee Hamilton 2.

## PROMPT NOTICE PROVISIONS

■ In Virginia, a provision in an automobile liability insurance policy requiring that notice of an accident be given promptly is reasonable and enforceable. *State Farm v. Douglas*, 207 Va. 265, 267, 148 S.E.2d 775, 777 (1966). The Virginia Supreme Court, in *Temple v. Va. Auto. Mut. Ins. Co.*, 181 Va. 561, 575, 25 S.E.2d 268, 274 (1943), stated that performance of such a provision "is usually regarded as a condition precedent to the right to recover on the policy." *Temple* has been cited as an example of the modern trend of considering the policy requirement of giving notice as a condition precedent to coverage even if the policy does not contain an express statement to that effect. 7 Am.Jur.2d *Automobile Insurance* § 371 (1980). The Court used more definite language in *State Farm v. Scott*, 236 Va. 116, 120, 372 S.E.2d 383, 385 (1988) (citations omitted), where it stated that "[p]erformance of the notice provision of an automobile liability insurance policy is a condition precedent to coverage, 'requiring substantial compliance by the insured.'"

The defendants contend that the Virginia Supreme Court has never explicitly held that a notice provision in an automobile liability insurance policy is condition precedent to coverage even in the absence of language in the policy stating as much. They have made a commendable attempt at distinguishing all the Virginia cases which have held that the notice provisions in those cases were condition precedents to coverage from the instant case by either pointing in each case to the court's reference to specific contractual language making the provision a condition precedent or to the court's failure to refer to the specific language at all. The defendants also note that a requirement that the policy explicitly make the notice provision a condition precedent before coverage could be denied for failure to comply with it would be more in accord with the general principles that a contract is to be construed against the draftsman and ambiguous contract provisions are to be construed so as to avoid forfeiture.

The court has sympathy with the defendants' arguments. However, as this is a question of Virginia law, it is bound to follow the determinations of that law by the Virginia Supreme Court and is obligated to rule the way it believes that that court would rule. This court finds no hint in any of the pertinent opinions that the Virginia Supreme Court would narrow its holdings in *Temple* and *Scott* in response to the defendants' arguments. Thus, the court concludes that, as a matter of contractual construction, a provision in an

automobile liability insurance policy requiring prompt notice of an accident is a condition precedent to coverage. This conclusion is strengthened by the observation that such a construction is considered the modern trend, even if it is an unfortunate one.

## TIMELINESS OF NOTICE

■ The requirement to give prompt notice of an accident means that the notice must be given within a reasonable time after the accident. *Cf. State Farm v. Douglas*, 207 Va. 265, 268, 148 S.E.2d 775, 778 (1966) (court held that requirement that notice of the accident be given "as soon as practicable" means that it must be given within a reasonable time after the accident). In determining whether the length of delay in giving notice was reasonable, "the facts and circumstances in each particular case must be considered." *Id.* (citations omitted).

a. Timeliness is an issue of fact

■ Whether the delay in giving notice by the insured was reasonable is an issue to be resolved by the factfinder. *Scott*, 236 Va. at 120, 372 S.E.2d at 385. The court in *Scott*, in discussing *Lord v. State Farm*, 224 Va. 283, 295 S.E.2d 796 (1982), emphasized that the finding that the 173 day delay in that case was unreasonable was a finding of fact and that the delay was not unreasonable as a matter of law. 236 Va. at 121, 372 S.E.2d at 386. The court noted only one exception to the rule that the factfinder should determine the reasonableness of the delay—when no notice was ever given and there was "wilful violation" of the notice provision. *Id.* (discussing *State Farm v. Porter*, 221 Va. 592, 272 S.E.2d 196 (1980)).

■ Hamilton never provided notice of the Accident to Stonewall. However, there were several extenuating factors which prevent characterizing his failure as a wilful violation of the notice provision. Besides the apparent trivialness of the Accident[1] and the vagueness and second-hand

nature of his wife's statement to him regarding the possibility of a claim,[2] by the time that he had spoken with his wife in January, 1988, his policy with Stonewall had expired, he had moved, and he no longer had a copy of the Policy with him. Hamilton Deposition at 14. Hamilton had also given his address to his wife so that the party that contacted her could contact him directly. *Id.* at 11. Therefore, Hamilton's failure to give notice was not unreasonable as a matter of law. However, even though the reasonableness of Hamilton's failure to give notice is an issue of fact, the defendants, upon a properly supported motion for summary judgment, must set forth specific facts showing that the reasonableness of his failure is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e). The defendants assert that the failure of Hamilton to give notice may have been reasonable because the accident appeared trivial and there apparently was no injury to either the vehicles or their occupants.

b. Trivial Accidents

"Though notice as required by the policy may be a condition precedent to liability, delay in reporting is excusable when the accident is trivial, results in no apparent harm and furnishes no reasonable ground for the insured to believe that a claim might arise." *State Farm v. Murnion*, 439 F.2d 945, 947 (9th Cir.1971) (citation omitted) (interpreting Montana law). The court in *Murnion* observed that this principle "is quite universally recognized and followed." *Id.* *See also* Annotation, *Trivial Nature of Personal Injury as Excusing Compliance with Liability Insurance Policy Provision Requiring Notice to Insurer*, 39 A.L.R.3d 593, § 2[a] ("delay in giving notice is generally held excusable in the case of an accident which is trivial and results in no apparent harm."). The Virginia Supreme Court has applied the standard of reasonableness in determining whether there has been substantial compliance with the notice requirement and the principle regarding trivial accidents ap-

---

**1.** *See infra* pp. 273–75.

**2.** *See infra* p. 275.

pears to be merely an appropriate application of that standard to a specific fact pattern.

Stonewall cites *Hunter v. Hollingsworth*, 165 Va. 583, 183 S.E. 508 (1936), in support of its assertion that Virginia would not apply this principle. However, the Court determined that the injury in that case "was never trivial," *id.* at 594, 183 S.E. at 512; thus, the discussion of the principle was dicta. The court in *Hunter* based its discussion of the trivial accident principle on *Kennard v. Travelers' Protective Ass'n.*, 157 Va. 153, 160 S.E. 38 (1931). 165 Va. at 593–4, 183 S.E. at 512. *Kennard* involved a claim under an insurance policy covering disabilities. 157 Va. 153, 160 S.E. 38. Two defenses were asserted denying coverage: first, that the policy covered only injuries that resulted in an immediate and continuous disability and the injury in question did not cause such a disability; and second, the insured did not comply with the policy provision requiring immediate notice of the accident be given to the insurer. *Id.*

The court in *Kennard* held that where an insurance policy insured only injuries which immediately cause a continuing disability, an injury which at first appears trivial but later becomes more serious and results in disability twenty-three days after the injury occurred is not covered under the policy. *Id.* In regard to the untimely notice defense, the court stated that "[s]ince the plaintiff cannot in this case recover upon its merits, it is not necessary for us to determine whether or not the notice which was on its face a day later was too late in fact. No notice could have saved him." *Id.* at 166, 160 S.E. at 43.

The court in *Hunter*, in its discussion of *Kennard*, erroneously stated that the *Kennard* court had "held that notice came too late and a recovery was denied." 165 Va. at 591, 183 S.E. at 511. It further stated that "[m]any authorities are there cited dealing with the time in which notice must be given." *Id. Kennard* actually cited no authorities on the issue of notice. *See* 157 Va. 153, 160 S.E. 38.

In discussing the plaintiff's assertion that the trivial accident principle applied to excuse notice, the court in *Hunter* noted that "[w]e have had occasion heretofore to consider this doctrine," *Hunter* 165 Va. at 593–4, 183 S.E. at 512, and then proceeded to quote at length from *Kennard* a discussion of whether the plaintiff in *Kennard* had been immediately and continuously disabled.[3]

Dictum contained in an opinion of the state's highest court which is "a clear exposition of the [state] law" must be followed by a federal court applying that state's law. *Sherby v. Weather Bros. Transfer Co.*, 421 F.2d 1243, 1244 (4th Cir.1970) (citations omitted). If the dictum does not meet this standard, the federal court is under no obligation to follow it. *See Powell v. Maryland Trust*, 125 F.2d 260, 269 (4th Cir. 1942), *cert. denied*, 316 U.S. 671, 62 S.Ct. 1041, 86 L.Ed. 1746 (1942).

The dictum in *Hunter* touching on the trivial accident principle was not a clear refutation of that principle; furthermore, it was based on an erroneous statement of the holding in a prior Virginia Supreme Court case. Therefore, this court determines that the dictum in *Hunter* is not binding on this court and that the Virginia Supreme Court would not accord the dictum any weight in the instant case.

The Accident consisted of a collision of Hamilton's vehicle with the rear of a vehicle stopped at a traffic signal. Hamilton characterized the collision as a "minor bump." Hamilton Deposition at 7. The

---

**3.** The court in *Hunter* quoted *Kennard* as follows:

> The processes of nature doctrine does not commend itself to us as a logical one. These processes, as some of the cases tell us, are in point of time of infinite variety. If one were bitten by a dog which chanced to be suffering from rabies, hydrophobia ... might not develop for weeks, and ... months might elapse

before any evidence of this infection might manifest itself. In such a case, could it in reason be said that the plaintiff had been immediately, continuously, and wholly disabled? Cancer sometimes develops from a wound after a long interval. Such disability is not immediate and total.

*Hunter*, 165 Va. at 593–4, 183 S.E. at 512 (quoting *Kennard*, 157 Va. at 166, 160 S.E. at 437).

only property damage to the other vehicle was "a scuff mark on one of the [rubber] bumper guards." *Id.* All the occupants of that vehicle, upon questioning by Hamilton, indicated that they were not injured. *Id.* at 8. Therefore, the court concludes that a factfinder might reasonably find that Hamilton acted reasonably in not giving notice of the Accident to Stonewall.

### c. Subsequent Imposition of Notice Requirement

Stonewall asserts that even if the delay in giving notice was initially excused because of the apparent triviality of the Accident, the subsequent receipt of information by Hamilton from his wife that a claim may have been or would be filed against him based on the Accident triggered a duty to give notice at that time. Even if an accident is trivial such that a reasonable person might be excused from giving his insurer notice of the accident, if he subsequently becomes aware of the fact that a claim involving the accident has been made or "reasonably may be anticipated," he then usually has a duty to notify his insurer of the accident. *Murnion,* 439 F.2d at 947 (citation omitted).

Stonewall bases its claim that Hamilton had such awareness on the following excerpt from the Hamilton Deposition:

Q You just told Mr. Rawls that you first received notice of this claim from your wife in January of '88?

A Yes, sir.

Q Was that by telephone?

A Yes, sir.

Hamilton Deposition at 12. The questioner was referring to these previous questions and answers:

Q When was the first time you had any knowledge that anybody was making a claim out of this accident?

A About January of '88.

Q How did you come to have knowledge then?

A My ex-wife called me and said that they had gotten in touch with her. I give her my address for them to get in touch with me, but nothing seemed to happen until July.

\*   \*   \*   \*   \*   \*

Q Did your ex-wife indicate that Stonewall Insurance had been in touch with her?

A Well, she said somebody had got in touch with her. She didn't specify who, but she said somebody had got in touch with her about the accident I had in Norton, and that's all she knew.

Q Is that all you remember of that conversation with your ex-wife?

A Yes, sir. We wasn't on very much speaking terms at the time anyway.

Hamilton Deposition at 10–12.

Based on the Hamilton Deposition, Hamilton's "notice" of the claim consisted of his wife's statement that an unidentified person "had got in touch with her about the accident." Although Hamilton accepted the questioner's characterization of that statement as "notice" of a claim, such characterization is a legal conclusion which, for the purposes of summary judgment, the court will determine whether it is warranted. In making such a determination in ruling on a motion for summary judgment, the court is to view the statement in the light most favorable to the nonmovant, Hamilton. Viewed in such a light, the court concludes that a factfinder may reasonably determine that Hamilton's version of his wife's statement is such that it would not necessarily cause Hamilton to conclude that a claim "reasonably may be anticipated" and therefore did not impose a notice requirement on Hamilton.

### CONCLUSION

The Policy contained a clause requiring Hamilton to give prompt notice of any accident, and such notice is a condition precedent to coverage under the Policy. However, the requirement to give prompt notice means that the insured is required to give notice of an accident when a reasonable person would conclude that such notice is necessary. A reasonable person may properly conclude that such notice is not necessary if the accident is trivial, results in no apparent harm, and there is no reasonable

ground for him to believe that a claim might arise. However, if the insured subsequently becomes aware of the fact that a claim has been made or reasonably may be anticipated, he then is required to notify his carrier. The reasonableness of a delay in giving notice is an issue for the factfinder to determine, except in the case where no notice was given and there was a wilful violation of the notice provision.

The court concludes that the failure of Hamilton to give notice of the Accident was not a wilful violation of the notice provision of the Policy and therefore not unreasonable as a matter of law. Evidence has been submitted upon which a factfinder might reasonably conclude that Hamilton reasonably believed that the Accident was trivial and need not be reported. A factfinder also might reasonably conclude that Hamilton's conversation with his ex-wife in January, 1988 did not constitute sufficient notice that a claim reasonably may have been anticipated or that the totality of the circumstances was such as to excuse Hamilton's failure to notify Stonewall of the Accident at that time. Therefore, Stonewall's motion for summary judgment is denied.