**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SOUTHERN ENVIRONMENTAL SERVICES,
a Virginia Corporation,
<u>Plaintiff-Appellant,</u>

v.                                                                              No. 95-1714

UNITED CAPITOL INSURANCE
COMPANY, a Wisconsin Corporation,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-94-615-R)

Argued: October 31, 1996

Decided: October 18, 1999

Before WIDENER and HALL,* Circuit Judges, and
THORNBURG, United States District Judge for the Western
District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.
_____

*Senior Judge Hall heard oral argument in this case but died prior to
the time the decision was filed. The decision is filed by a quorum of the
panel pursuant to 28 U.S.C. § 46(d).

**COUNSEL**

**ARGUED:** Nancy Lang Lowndes, BUTLER, MACON, WILLIAMS, PANTELE & LOWNDES, Richmond, Virginia, for Appellant. Frank B. Miller, III, SANDS, ANDERSON, MARKS & MILLER, Richmond, Virginia, for Appellee. **ON BRIEF:** Charles L. Williams, BUTLER, MACON, WILLIAMS, PANTELE & LOWNDES, Richmond, Virginia, for Appellant. Rudolph Bumgardner, IV, SANDS, ANDERSON, MARKS & MILLER, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case is before us on appeal from an order granting summary judgment for the defendant in the United States District Court for the Eastern District of Virginia. Plaintiff, Southern Environmental Services, Inc. (Southern), originally sought declaratory relief in the Circuit Court of the City of Richmond, asking the court to declare that a general liability insurance policy issued by defendant United Capitol Insurance Co. (United Capitol) covered a claim filed against Southern by the Virginia Employment Commission (Commission). United Capitol removed the case to federal court pursuant to 28 U.S.C. § 1441, and the court granted summary judgment for United Capitol on alternative grounds: (1) Southern failed to notify United Capitol in accordance with the policy's terms and (2) Southern's delay in notifying United Capitol of the claim was unreasonable as a matter of law. We affirm the district court's judgment.

I.

Southern is a Virginia corporation engaged in the business of providing asbestos abatement services. From October 18, 1989 to Octo-

ber 18, 1990, Southern was covered under a one million dollar commercial liability insurance policy issued by United Capitol. The policy provided that United Capitol would defend any suit seeking damages against Southern and arising from property damage to which the policy applied.

The Commission contracted with Southern on March 14, 1990 to remove asbestos from the Commission's Richmond headquarters. In particular, Southern was to remove roof flashing containing asbestos from the building's perimeter. Southern worked on the project from September 10 through September 28, 1990. Heavy rains occurred on September 13, 1990. The roof leaked badly during the rain, causing offices in the building's upper floors to suffer water damage and asbestos contamination.

Shortly thereafter, a Commission representative advised Southern's project superintendent that the Commission planned to hold Southern liable for the damage. The project superintendent asserts that he immediately informed Southern's president of the Commission's claim. Southern's president did not specifically remember the conversation but acknowledged that around the time of the rain, he "became aware that the VEC may seek to hold SES responsible for all or part of [the] damage."

On June 21, 1991, the Commission gave Southern's president written notice of an itemized claim for $176,872.64 related to the property damage. Southern first notified, orally, United Capitol's agent of the Commission claim on August 22, 1991. Southern's counsel then gave United Capitol written notice by letter dated September 5, 1991. By letter dated September 25, 1991, United Capitol stated it was reserving the right to deny coverage because the claim was not timely reported. United Capitol formally denied coverage on November 1, 1991.

The Commission filed suit against Southern on June 24, 1994, and United Capitol refused to defend Southern. Southern subsequently filed suit in state court seeking a declaration that the policy covered the Commission's claim; that Southern had substantially complied with its obligations under the policy; that United Capitol was obligated to defend Southern against the Commission's suit and to satisfy

3

any judgment rendered therein; and that United Capitol's denial of coverage was a breach of the policy and "was vexatious, without reasonable cause, and was not made in good faith." United Capitol removed the case to federal court on the basis of diversity. Applying Virginia substantive law, the district court subsequently granted United Capitol's motion for summary judgment, leading to this appeal. We review the district court's summary judgment decision de novo. Nguyen v. CNA Corp., 44 F.3d 234, 236 (4th Cir. 1995).

II.

Southern's first contention is that the district court erred in granting United Capitol summary judgment on grounds that Southern failed to give proper notice of the claim being asserted against Southern. Performance of the notice provision of an insurance policy is a condition precedent to coverage under Virginia law. State Farm Fire & Cas. Co. v. Walton, 423 S.E.2d 188, 192 (Va. 1992); State Farm Mut. Auto. Ins. Co. v. Porter, 272 S.E.2d 196, 200 (Va. 1980). To survive summary judgment, Southern must therefore show that a material issue of fact existed as to whether it provided timely notice under the insurance policy. Southern argues that the policy's notice provisions were vague, as opposed to the district court's finding that the provisions unambiguously precluded coverage of the Commission claim.

We are of opinion that the district court properly interpreted the insurance policy's terms. Notice provisions are enforceable in Virginia because they give insurers an opportunity to make a timely investigation and prepare an adequate defense. North River Ins. Co. v. Gourdine, 135 S.E.2d 120, 123 (Va. 1964). The notice requirement of Southern's contract with United Capitol follows:

> If a claim is made or "suit" is brought against any insured you must see to it that we receive prompt notice of the claim or "suit." If notice is given verbally, you must confirm such notice to us in writing as soon as practicable, but not later than 60 days of the date you received the claim. (Italics in original.)

Applying the policy's language to the facts of the case, it appears that the Commission notified Southern of the claim against Southern

on or about September 13, 1990. Therefore, the second sentence of the above-quoted provision of the policy dealing with notice is operative since notice was given verbally by the Commission to Southern of the claim against Southern. Southern was obligated to confirm the notice to United Capitol in writing as soon as practicable, but not later than 60 days after the approximate date of September 13, 1990. Southern, however, did not notify United Capitol in writing of the claim against it until September 5, 1991, having given United Capitol verbal notice of the claim on August 22, 1991.

The district court held that the requisite written notice, coming almost one full year after the claim was made, was well more than the 60 days required by the policy after Southern received the Commission's claim. It held there was no genuine issue of fact and that the condition precedent of proper notice failed to occur. Accordingly, it held that United Capitol was well within its contractual rights to disclaim coverage, and we agree.

III.

The district court also granted summary judgment on the alternative ground that Southern's failure to provide earlier notice of the claim was unreasonable as a matter of law. When a policy calls for "prompt" notice, or notice "as soon as is practicable," Virginia law requires a showing that the insured give notice "within a reasonable time." See State Farm Mut. Auto. Ins. Co. v. Douglas, 148 S.E.2d 775, 778 (Va. 1966); Stonewall Ins. Co. v. Hamilton, 727 F. Supp. 271, 273 (W.D. Va. 1989). The district court concluded that Southern's reason for the delay of almost one year in notifying United Capitol of the Commission's claim was "manifestly unreasonable." Because we have concluded above, however, that United Capitol acted within its contractual rights regarding notification in denying coverage to Southern, we do not address this additional basis for the district court's decision.

IV.

The judgment of the district court is accordingly

AFFIRMED.

5