The plaintiff, bailor, sued the defendant, bailee, and the bailee's insurance carrier based upon an accident involving the bailor's automobile.
After a trial by jury, the plaintiff recovered a verdict in the amount of $250 against the defendant-bailee. On the plaintiff's claim against the defendant-insurance company, the trial judge entered a judgment in plaintiff's favor in the amount of $8,050.
From the above judgment, the defendant insurance company appeals, contending that the evidence and the insurance policy are as a matter of law contrary to the trial judge's action.
Additionally, the defendant insurance company contends that the statute of limitations prevents the plaintiff from recovering against the defendant insurance company.
The plaintiff cross-appeals, contending the trial court erred in failing to award plaintiff interest.
Viewing the record with the attendant presumptions accorded the trial court, the following is pertinently revealed:
In August, 1979, shortly after wrecking his own automobile, the defendant-bailee rented a car from the plaintiff. While driving this rented automobile through Florida, the defendant-bailee ran off the road and overturned the car causing damage to the vehicle. No other automobile was involved in the accident.
The defendant-bailee had signed an agreement with the plaintiff limiting his liability to $250 unless the contract was violated. The plaintiff had no collision insurance on his automobile at the time of the accident.
The plaintiff filed its original complaint on April 3, 1980 naming the bailee as defendant. After further pleadings, the defendant-bailee filed a motion to dismiss on February 3, 1982. He additionally sought judgment on the pleadings based on the grounds that plaintiff had failed to make the insurance company a party to the action. On April 26, 1982, the trial court denied the defendant-bailee's motion and granted the plaintiff leave to add the insurance company as a party defendant.
The final complaint that framed the issues for trial stated plaintiff's claim against the bailee as one based on negligence, or in the alternative, an action for breach of an express contract.
In two separate counts, plaintiff stated its claim against the defendant insurance company. In the first count, the plaintiff stated that it had rented an automobile to the defendant-bailee and that while in his care, the automobile was damaged. The complaint further stated that the defendant *Page 437 
insurance company had issued an automobile insurance policy to the bailee which was in full force and effect on the day of the accident. The plaintiff then stated that it had made a demand on the insurance company to pay plaintiff under the terms of the policy but the insurance company had "failed and neglected to do so."
The plaintiff's second count against the insurance company realleged the allegations of the previous count and further alleged that a dispute existed between plaintiff and the defendants as to whether the insurance issued by the insurance company provided coverage on plaintiff's automobile while being operated by the bailee.
Plaintiff then alleged "that the court should determine and declare the rights of the parties under the policy of insurance issued by defendant Auto-Owners Insurance Company to defendant Floyd Michael Mackoff, and should issue its order declaring that the automobile owned by the plaintiff was covered by the collision coverage provided by such insurance policy."
The plaintiff sought $8,440 on the "negligence" claim against the bailee and $8,470 in damages on the "breach of contract" claim.
Against the insurance company the plaintiff sought $8,470 in damages.
At the trial, all parties stipulated that the insurance company had issued an automobile insurance policy to the defendant-bailee which was in full force and effect at the time of the accident. A copy of the policy was introduced into evidence.
The jury returned a verdict in favor of the plaintiff against the defendant-bailee and assessed damages at $250. In answer to a special interrogatory, the jury found that the bailee was not guilty of negligence at the time of the accident. No appeal was taken from this judgment.
On the declaratory judgment feature of the plaintiff's complaint, the court found that plaintiff was afforded coverage under the terms of the insurance policy issued to the defendant-bailee. The trial court further ordered that the plaintiff recover $8,050 from the defendant-insurance company.
On appeal, the insurance company contends that the trial court erred inasmuch as the judgment was against the weight of the evidence. It is the insurance company's position that interpretation of the insurance policy precludes coverage under the facts and circumstances of the instant case.
The insurance company's specific argument is that the provision of the policy denying coverage to bailees applies to the instant facts and, therefore, plaintiff is not covered.
It is plaintiff's position that the instant facts fall under the provisions providing collision coverage and what is known as "Drive Other Cars" or "Temporary Use of Substitute Automobile" coverage.
It is firmly established that in cases of this nature, contracts of insurance will be construed strictly against the insurer and liberally in favor of the insured. Life Ins. Co. ofGeorgia v. Miller, 292 Ala. 525, 296 So.2d 900 (1974); MutualLife Ins. Co. of New York v. Lovejoy, 201 Ala. 337, 78 So. 299
(1918).
Keeping the above in mind, our review of the policy reveals that the trial court did not err in finding that plaintiff was covered by the policy.
Contrary to able counsel for defendant-insurance company's contention, our interpretation of the provision concerning bailee is that it does not apply to the facts of the instant case. It appears that this provision was intended to apply to situations where the named insured acted as the bailor. Here, in the instant case, the named insured was the bailee.
The appropriate provision concerning collision coverage provides that the company will pay for loss consisting of damage to the automobile caused by accidental collision with another object or by accidental upset. There is no requirement that the claim be based upon negligence on the part of the named insured. All that is required is that the damages be caused by accidental collision or upset, as the record reveals happened in the instant case. *Page 438 
The insurance policy further contains a list of conditions, two of which are entitled "Drive Other Cars" and "Temporary Use of Substitute Automobile." Under both conditions collision coverage applies subject to certain requirements and restrictions.
The condition entitled "Drive Other Cars" extends collision coverage to any other automobile not owned or furnished for regular use to the named insured.
This condition applies if the named insured is driving a private passenger vehicle and does not apply if there is any other insurance. It is indisputable that the defendant-bailee was named insured and that the automobile involved was a passenger vehicle. It is also indisputable that no other insurance applied to the situation.
The condition applying to the temporary use of substitute automobiles provides that when the automobile covered is withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction, the coverage afforded by the policy shall be extended to another automobile not owned by the named insured while temporarily used as a substitute.
As was indicated previously, the bailee had rented the automobile in question because he had wrecked his a short time prior to this occasion.
Although we do not deem it necessary to detail all the requirements and restrictions contained in the relevant conditions, it is clear to us from the above that coverage could be afforded to the plaintiff under either condition.
Simply stated, the issue presented to the trial court was whether collision coverage applied under the terms of the insurance contract to the plaintiff's automobile. Based upon the evidence presented, we cannot say the trial court erred in its determination that coverage did extend to plaintiff's automobile. Insurance contracts, like other contracts, are to be given a rational and practical construction. Pullen v.Cincinnati Ins. Co., Inc., 400 So.2d 393 (Ala. 1981); AlabamaFarm Bureau Mutual Casualty Ins. Co., Inc. v. Presley,384 So.2d 122 (Ala.Civ.App. 1980). In view of the above standard, we find no error in the trial court's judgment.
The insurance company next contends that plaintiff's claim against them was barred by the one year statute of limitations.
The insurance company characterizes plaintiff's claim as a negligent failure to pay grounded in tort law. We do not agree.
The allegations of a complaint are construed in a light most favorable to the plaintiff. Holley v. St. Paul Fire MarineIns. Co., 396 So.2d 75 (Ala. 1981). Clearly, the claim against the insurance company is grounded in contract and neither party seriously contends that the trial court was without the "authority" to enter a judgment against one of the parties on the plaintiff's claim against the insurance company.
The substance of the plaintiff's complaint against the insurance company is whether the collision coverage provided by the insurance policy extends to plaintiff's automobile and whether the insurance company's failure to pay resulted in a breach of the contract. This falls clearly within contract law, and that being so, the applicable statute of limitations would be six years, not one year. Ala. Code § 6-2-34 (4) (1975).
As indicated, the plaintiff on cross appeal, contends the trial court's judgment should have included interest from August 16, 1979.
The relevant statute, Ala. Code § 8-8-8 (1975), provides that "[a]ll contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money performed." In an action for damages to a plaintiff's automobile, this section allows interest on the damages. Roe v. Brown, 249 Ala. 425,31 So.2d 599 (1947). *Page 439 
However, certain requirements must be met. "(1) The amount due must be certain; (2) the time when it is due must be certain; (3) the amount due and time of payment must be known to the debtor." Roe v. Baggett Transportation Co.,326 F.2d 298, 301 (5th Cir. 1963), quoting Grand Bay Land Co. v.Simpson, 207 Ala. 303, 92 So. 789 (1922).
In the instant case, the insurance carrier was not made a party to the action until April 26, 1982 when plaintiff amended his complaint. In other words, the insurance carrier was not a party to this action until two years and eight months after the date plaintiff now claims interest is due from. Additionally, it is not clear from the record when a demand of any nature was made on the insurance carrier.
In light of the requirements that the amount due and time of payment must be known to the debtor, we cannot say the trial court erred in not awarding interest.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.