EMBRY, Justice.
This is an appeal from the following judgment:
“This cause came to be heard upon Plaintiff’s complaint for declaratory relief and the answers filed by all Defendants. At the trial of the cause, Plaintiff orally informed the court that it withdrew the aspect of the complaint alleging non-cooperation of Defendant Barker, and no testimony was presented to this Court on that issue. Therefore, the Court finds this issue in favor of the Defendants. Also, the Plaintiff adduced at trial some testimony regarding Defendant Barker’s alleged non-payment of the premium for the policy in question. However, Plaintiff did not allege this as a ground for relief from coverage in the complaint, and orally informed the Court that it did not assert this as a ground for denial of coverage but presented the testimony for other purposes. The Court therefore finds this issue in favor of Defendants.
“The Court has heard testimony and has been presented the depositions of Walter Barker and Beatrice Barker. After having considered all the testimony, depositions, and evidence in this case, the Court is not reasonably satisfied of the allegations of the complaint. Accordingly, all issues in this case are hereby resolved in favor of the Defendants
“Judgment is hereby rendered in favor of the Defendants on all counts of the complaint, and declaratory relief is denied.”
We affirm.
The issue for review is whether the ore tenus evidence supports the judgment which implicitly holds that the insured, Walter Barker, under applicable rules of law, reasonably complied with the following *749 provisions of the American States Insurance Company’s policy covering him:
“(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.
“(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.”
The controlling principle of law is: Whether notice of a potential claim is given to the insurer within a reasonable time within the meaning of the policy language “as soon as practicable” depends upon the facts and circumstances of each case; circumstances must be such as to lead reasonable and prudent persons to believe an occurrence may give rise to a claim against him; and, whether delay in giving notice to the insurer of an occurrence signifying a potential claim is unreasonable within the meaning of the policy is a question of fact.
The disputed evidence in this case supports the conclusion that Walter Barker’s version of the facts justified the trial court’s judgment. Barker’s statement of the facts may be summarized as follows:
The incident made the basis of the suit for damages filed against Barker by James Edward Kent occurred on 6 December 1977. A concrete block wall fell on Kent while he and another carpenter were bracing it with lumber. Kent was standing on the ground at the base of the wall; another carpenter was on the opposite side of the wall. There is no testimony as to where that other carpenter was or what he was doing at the time the wall fell. Kent testified that other walls had fallen the night before this incident. Kent further testified the wall that fell on him had been erected at least two (2) months before the accident and he knew of no other persons being injured, but that he did not return to the job after his injury. Barker testified he knew only of one person being injured, but did not know the man’s name. The evidence of record clearly indicates there may well have been other “on the job” injuries, as Kent’s injury was not the incident Barker related to the trial court because Kent was not on a ladder, nor involved with a “green wall,” nor injured by an exterior wall of the building.
Barker testified the wall-falling incident he knew about involved a “green wall” (which was defined by him as one which had been recently put up and the concrete had not dried or set). The only injury he knew about concerned a carpenter who climbed up on a wall on a ladder which fell and injured him. This wall that he learned about he called an exterior wall which he said was the back wall of the building. Kent testified the wall which fell on him was a partition wall between two bathrooms located in the central part of the building. While it is true that Kent had used the term “outside wall” on two earlier occasions, his uncontradicted testimony at trial was that this is a common construction term used to mean a wall not supported at the corners. He also explained this in his pretrial oral deposition. He testified that he had visited the job site recently (before trial), now Riverchase Middle School, and had located the wall that fell on him in the central part of the building. It is totally uncontroverted that the wall which fell onto Kent was not the “rear wall of the building” as Barker testified.
Kent filed suit against Barker in December 1978, sending service by certified mail. The return receipt of that service is signed “Beatrice Barker.” Barker testified that he never received the suit papers. His wife, Beatrice Barker, testified she signed for the papers but just threw them on the television table and never gave them to her husband. Barker ultimately received the summons and complaint in the damage suit and took them to his attorney and began having conversations with the insurer immediately thereafter. Don Broome, insurer’s employee, testified this was in early 1981. The *750 insurer investigated the accident in 1981 and then denied coverage, citing failure of the insured to notify it as the reason.
We hold, after careful review of the evidence, that under that evidence, with the attendant ore terns presumption of correctness, Barker was not put on notice of a potential claim against him until actual receipt by him of the summons and complaint in Kent’s suit for damages.
The judgment below is due to be and is hereby affirmed. See Pinson Truck Equipment Company, Inc. v. Gulf American Fire & Casualty Company, 388 So.2d 955 (Ala.1980).
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.