Colonial Insurance Company of California ("Colonial") filed an action against Kelli Rawlins Dill, Marilyn Rawlins, Brent Estes, and certain fictitious parties, seeking a judgment declaring that it was not obligated to pay any liability of Estes with regard to an action brought by Dill and Rawlins and that it was not obligated to defend him in that action. The trial court entered a summary judgment declaring that Colonial was "not obligated to defend or pay any liability incurred by Brent Estes arising out of the automobile accident involving Estes and other defendants." We reverse the judgment and remand the cause.
On January 27, 1987, Dill was a passenger in an automobile that Estes had rented from Thrifty-Rent-a-Car Company. Estes's personal car was being repaired. The two were involved in an automobile accident, which injured Dill. Colonial had issued Estes an automobile liability insurance policy that was in effect on January 27, 1987.
After the accident, Dill asked Estes on several occasions if he had automobile liability insurance to cover the accident. Estes stated in an affidavit, "I had no knowledge that I may have had applicable insurance coverage as the accident stemmed from the use of the rented automobile and did not involve my personal automobile." Estes also stated that he had never had his Colonial insurance policy in his possession and that he had never read that policy.
Estes never notified Colonial of his involvement in the accident. In late November 1988, Dill and Rawlins learned that Estes had insurance with Colonial and that it might provide coverage for the accident; two days after learning of the policy, Dill and Rawlins contacted Colonial.
Estes's policy with Colonial contained these provisions:
 "ASSISTANCE AND COOPERATION — The insured person shall cooperate with us and assist us in any manner concerning a claim or suit.
 "NOTICE OF ACCIDENT OR LOSS — In the event of an accident or loss, notice must be given to us as soon as possible.
 "WHAT TO DO IN CASE OF ACCIDENT OR LOSS — Notice of Accident, Occurrence or Loss — In the event of an accident, occurrence or loss, notice must be given to us promptly. The notice must give the time, place and circumstances of the accident, occurrence or loss, including the names and addresses of injured persons and witnesses.
 "OTHER DUTIES — A person claiming any coverage of this policy must also: (1) Cooperate with us and assist us in any matter concerning a claim or suit."
Colonial contends that Estes, as a matter of law, failed to comply with these provisions by failing to provide notice of the accident to Colonial within a reasonable time and that, accordingly, it was entitled to summary judgment. Dill and Rawlins contend that the trial court's judgment was improperly entered, because, they argue, there is a question of fact as to whether Estes's failure to give Colonial notice of the accident was reasonable.
To determine the reasonableness of a delay in giving notice to an insurer, the Court normally considers the length of the delay and the reasons for the delay. Big Three Motors, Inc. v.Employers Insurance Co. of Alabama, 449 So.2d 1232, 1235 (Ala. 1984); Southern Guaranty Insurance Co. v. Thomas,334 So.2d 879, 882 (Ala. 1976). If the insured's excuse for the delay may reasonably be said to justify the length of the delay in giving notice, then the issue of the reasonableness of the delay is for a jury to determine. Reeves v. State Farm Fire CasualtyCo., 539 So.2d 252, 255 (Ala. 1989).
The fact situation in this case presents complexities that make us unwilling to hold that Estes's delay was unreasonable as a matter of law. On one hand, the length of Estes's delay in giving notice to Colonial was 22 months, and even that notice was given by Dill and Rawlins, not Estes himself. Although Estes may not have initially *Page 387 
known whether Colonial provided coverage, Dill had asked Estes whether he had coverage, which might reasonably have led Estes to inquire of Colonial whether he had coverage. On the other hand, Dill, acting reasonably, might not have understood that his policy covered rental cars, and, accordingly, might have acted reasonably in not pursuing coverage by Colonial. Additionally, the jury can most appropriately determine whether Dill's questioning of Estes concerning coverage should reasonably have led Estes to inquire of Colonial whether he had coverage. American Liberty Ins. Co. v. Soules, 288 Ala. 163,258 So.2d 872 (1972).
Estes also argues that he was not required to notify Colonial because he never had a copy of his policy and, therefore, cannot be charged with knowing of its provision regarding reasonable notice of the accident and the duty to cooperate. If Estes is arguing that his having no copy of his policy should exonerate him as a matter of law, then we must reject this argument. Estes's allegation that he had no policy in his possession certainly is not self-proving, and under the circumstances of this case Estes will have a heavy burden in proving that he did not receive the policy he paid for.
Assuming, however, that he received the policy, he may still try to prove to a jury that his belief that the policy did not cover rental vehicles was reasonable.
We hold that the trial court erred when it entered summary judgment for Colonial. That judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, SHORES and HOUSTON, JJ., concur.