Hackleburg Church of Christ appeals from a summary judgment in favor of Great American Insurance Companies, Inc.
The facts, viewed in the light most favorable to the church, the nonmoving party, in accordance with the applicable standard of review, Smith v. Medtronic, Inc., 607 So.2d 156 (Ala. 1992), are as follows: Great American insured the church's building against loss during a coverage period which ran from March 8, 1982, to March 8, 1985. On February 1, 1985, there was an ice storm in the vicinity of the church. The church's building allegedly suffered damage as a result of the storm. The members of the church, however, did not notice the damage to the building until April 1992. The church gave notice of claim of loss to Great American on October 26, 1992.
In November 1993 the church filed an action against Great American, alleging that Great American had breached the insurance contract by failing to pay for the damage sustained in the 1985 ice storm. The complaint also alleged bad faith on the part of Great American. That count was subsequently *Page 1311 
dismissed by stipulation of the parties.
Great American filed a summary judgment motion, claiming that the church's claim was barred by the six-year statute of limitations; that the church failed to commence the suit within one year after the alleged loss occurred, in accordance with the terms of the policy; and that the church failed to give immediate written notice of the loss, in accordance with the terms of the policy. Following a hearing on the motion, the trial court entered a summary judgment in favor of Great American. The church appeals.
The trial court did not specify its reasons for entering the summary judgment in favor of Great American. It seems apparent to us, based on the court's comments at the hearing and on the church's argument on appeal, that the trial court was of the opinion that the six-year statute of limitations barred the church's claim as a matter of law.
On appeal the church contends that the six-year statute of limitations is not applicable to the facts of this case. It asserts that the applicable law is that espoused in Reeves v.State Farm Fire Casualty Co., 539 So.2d 252 (Ala. 1989), and in similar cases.
Under Alabama law an insurance contract is governed by the same general rules as other contracts. Auto-Owners Ins. Co. v.Culpepper, 426 So.2d 435 (Ala.Civ.App. 1983); SouthernGuaranty Ins. Co. v. Rhodes, 46 Ala. App. 454, 243 So.2d 717
(1971). The facts of this case fall clearly within contract law. Therefore, the applicable statute of limitations is six years. Culpepper; § 6-2-34(4), Ala. Code 1975. "The statute of limitations on a contract action runs from the time a breach occurs rather than from the time actual damage is sustained."AC, Inc. v. Baker, 622 So.2d 331 (Ala. 1993). The alleged breach in this action did not occur until Great American refused to pay for the damages sustained by the church. The six-year statute of limitations, therefore, was not a bar to this action.
The policy in this case required that written notice of loss be given to the insurer immediately. The term "immediately" as used in insurance policies has been construed to mean that notice must be given "within a reasonable time" in light of the facts and circumstances of each case. Watson v. Alabama FarmBureau Mutual Casualty Ins. Co., 465 So.2d 394 (Ala. 1985). To determine the reasonableness of a delay, the court must consider the length of the delay and the reasons or excuses for the delay. Reeves. "If the insured offers excuses for the delay and those excuses may reasonably be said to justify the length of the delay in giving notice, then the issue of the reasonableness of the delay is for a jury to determine."Reeves. There are, however, certain circumstances in which the excuse offered to justify the delay is unreasonable as a matter of law and affords no basis for submitting the issue to the jury. Reeves.
The church contends that the trial court erred in entering a summary judgment in favor of Great American because, it argues, there is a question of fact as to whether the church's delay in giving notice to Great American was reasonable.
It is undisputed that the church did not give notice of the damage until October 26, 1992 — seven years and eight months after the 1985 ice storm. The church asserts that the reason for the delay was that the structural damage did not appear until the fall of 1992. The church averred that the structural design of the trusses in the church made it impossible to detect structural damage until the damage became evident on the inside of the structure. An expert for the church averred that he did not know of anything else that could have caused the damage other than the ice storm of 1985.
Great American argues that the church should have inspected its premises after the 1985 ice storm to assess if there was any damage. The church, however, presented substantial evidence that the damage could not be ascertained by reasonable inspection because of the construction of the trusses in the building.
It is without doubt that a delay of over seven years from the time of the initial damage to the time of notice is unreasonable, absent extenuating circumstances. The extenuating *Page 1312 
circumstances of this case, however, make us unwilling to hold that the seven-year delay was unreasonable as a matter of law. The facts concerning the proximate cause of the damage, and the church's inability to ascertain the extent of the damages sooner, were in dispute. Due to the disputed facts, we find that the entry of a summary judgment was made in error. The reasonableness of the delay in this case is an issue for the jury to determine. Dill v. Colonial Ins. Co. of California,569 So.2d 385 (Ala. 1990).
The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.