985 So.2d 932 (2007)
PROGRESSIVE SPECIALTY INSURANCE COMPANY
v.
Jeamae STEELE, a minor by and through her mother, Jonita STEELE.
Jeamae Steele, a minor by and through her mother, Jonita Steele
v.
Geico General Insurance Company.
2050960 and 2051006.
Court of Civil Appeals of Alabama.
June 22, 2007.
Certiorari Denied December 7, 2007 Alabama Supreme Court 1061425.
*934 Paul A. Miller and Lynn B. Randall of Lamar, Miller, Norris, Haggard & Christie, P.C., Birmingham, for appellant Progressive Specialty Insurance Company.
Daniel B. Feldman and Daniel Patrick Lehane of Feldman & Lehane, L.L.C., Birmingham, for appellant/cross-appellee Jeamae Steele, a minor, by and through her mother, Jonita Steele.
Jack Owen and Brooke Emfinger of Ball, Ball, Matthews & Novak, P.A., Montgomery, for appellee Gieco General Insurance Company.
PER CURIAM.
On June 27, 2005, Northern Steele ("the father") and his daughter, Jeamae Steele ("the child"), a minor child by and through the father, sued Deshonda Prowell ("the driver"). The complaint sought damages for injuries the child allegedly sustained in an accident that occurred on June 28, 2003, when the child and the vehicle the driver was operating collided. The complaint listed the owner of the vehicle as a fictitiously named party; the record does not show that the vehicle's owner, Deborah Coleman ("the owner"), was ever substituted as a named defendant in the action. The child's mother, Jonita Steele ("the mother"), was later substituted for the father, both individually and as the child's representative. The Steeles' action is currently pending before the trial court. The Steeles' action is not the subject of this appeal, although it led to the claims that are at issue before us.
On December 2, 2005, Geico General Insurance Company ("Geico"), the owner's automobile-liability insurance provider, filed a separate declaratory-judgment action against the driver, the owner, and the child, by and through the father; the answer filed on behalf of the child was filed by and through the child's mother. Geico sought a judgment declaring that it had no duty to defend against the child's action or to provide liability-insurance coverage to the driver because, according to Geico, the driver had unreasonably delayed in notifying it of the accident. Progressive Specialty Insurance Company ("Progressive"), the Steeles' uninsured/underinsured-motorist insurance provider, intervened as a defendant in Geico's declaratory-judgment action. Progressive subsequently filed a cross-claim complaint for a declaratory judgment against the child, by and through the father; the answer to Progressive's cross-claim complaint filed on behalf of the child was filed by and through the child's mother. Progressive sought a judgment declaring that it had no obligation to provide uninsured- or underinsured-motorist coverage to the Steeles because, according to Progressive, the Steeles had unreasonably delayed in notifying *935 it of the accident.[1] The record shows that Progressive requested and was granted a jury trial on its cross-claim and that Geico's and Progressive's claims were reset for a jury trial.
Geico and Progressive each moved for a summary judgment on their respective claims. In a single order dated July 19, 2006, the trial court granted Geico's summary-judgment motion and denied Progressive's summary-judgment motion. As we discuss below, in doing so, the trial court effectively entered a final judgment in favor of the Steeles on Progressive's cross-claim regarding uninsured/underinsured-motorist coverage. With respect to Geico, the Steeles filed a timely appeal of the July 19, 2006, judgment to our supreme court in case number 2051006. Progressive separately filed a timely appeal of the July 19, 2006, judgment to our supreme court in case number 2050960. Both appeals were transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975. This court has consolidated the records of the two appeals, and we address both appeals in this opinion.

Factual and Procedural Background
The trial court's judgment set out the undisputed facts as follows:
"On March 20, 2003, Geico issued a policy of automobile liability insurance to [the owner] insuring her 2002 Ford Mustang. The insurance policy required written notice of any accident `as soon as possible after an occurrence.'
"Progressive issued an automobile liability insurance policy to [the father] and that policy was in effect on June 28, 2003. The Progressive policy provided the Steeles with uninsured or underinsured motorist coverage and it required notice of any accident `as soon as practicable.'
"On June 28, [2003, the owner's] niece, [the driver], was operating [the owner's] Mustang with permission and was involved in an collision with [the child], a minor child of [the father]. It is contended that [the child] ran into the side of the [owner's] vehicle and suffered personal injuries. The Birmingham police department came to the scene and investigated the incident. [The driver] retrieved the Geico Insurance card from the glove compartment of the car and presented it along with her suspended driver's license to the investigating officer. [The driver] did not inform either Geico or her aunt, [the owner], of the accident and [the father] did not inform Progressive.
"On June 27, 2005, two years after the accident, [the child], through her father and next friend, [the father], instituted an action against [the driver] in the Circuit Court of Jefferson County, CV-05-3760. Geico first received notification of the accident on July 5, 2005, when [the Steeles'] counsel sent it a courtesy copy of the complaint along with the accident report. The Steeles did not notify Progressive of the June 28, 2003, accident until July 5, 2005. It is from these undisputed facts that the issue of whether there is insurance coverage from either of these insurers [arises]."
Additionally, the parties presented conflicting evidence regarding the events that immediately followed the accident. The mother and the father testified at deposition that the child was lying on the ground, seriously injured, and that they immediately *936 called for emergency medical assistance. The father testified that he contacted the driver by telephone within a short time after the accident and advised her that the child was seriously injured and in the hospital. The driver, however, testified at deposition that immediately following the accident the child stood up, was walking, and seemed uninjured. The driver also testified that someone contacted the nearby fire department, that a fire truck came to the scene, and that a single fireman checked the child for injuries. In describing the accident, the driver stated that there was a "dent" in the vehicle, but that it was not very big and was, in her opinion, "a scuff." The driver testified that she waited at the scene of the accident for 30 to 40 minutes before the police officer told her that she could leave. She stated that during that time the child seemed to be uninjured. The driver denied talking with the father after the accident.
The driver testified that she did not inform the owner or Geico of the accident because she did not receive a traffic citation as a result of the accident; because she did not believe that the child was hurt; because she did not believe the accident was serious enough to report; and because she did not believe that she caused the accident, which, she asserted, resulted from the child's running into the vehicle. The owner of the vehicle testified that had she known about the accident, she would have given notice to Geico.
The father testified that he did not inform Progressive of the accident because his child, not his insured vehicle, was involved in the accident. As a result, the father argued, he did not believe that his policy with Progressive would provide coverage for the accident. Both the mother and the father testified that they received a copy of the declarations page of the policy with Progressive, but they did not receive a full copy of the policy before the accident.
Progressive submitted an affidavit of its claims specialist who was familiar with the claim. The affidavit showed that Progressive's general practice and procedure included contacting the drivers and owners of all vehicles involved in an accident. Based on this evidence, Progressive argued that had it been informed by the Steeles of the accident, it would have contacted Geico, the owner, and the driver regarding the possible claims that could have resulted from the accident. According to Progressive, it was prejudiced as a result of the Steeles' delay because, if Geico is not liable because it was not provided timely notice of the accident, it could be required to pay full uninsured-motorist benefits instead of simply being required to pay any possible underinsured-motorist benefits.
The trial court entered a summary judgment in Geico's favor, finding that the driver's delay in notifying Geico was unreasonable as a matter of law. The trial court denied Progressive's motion for a summary judgment. However, it also made findings regarding the ultimate issues related to Progressive's cross-claim. Specifically, the trial court found that the Steeles' delay in notifying Progressive was unreasonable but that Progressive had not shown that it was prejudiced by the delay.

Analysis

A. Case No. 2051006
We first address the appeal from the trial court's summary judgment for Geico based on its finding that the driver's delay in notifying Geico was unreasonable as a matter of law.[2] The Steeles argue on appeal *937 that the trial court erred because, they argue, the driver's failure to notify Geico of the accident was not unreasonable as a matter of law and the evidence created genuine issues of material fact.[3]
"`In reviewing the disposition of a motion for summary judgment, "we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact," Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988), and whether the movant was "entitled to a judgment as a matter of law." Wright v. Wright, 654 So.2d 542 (Ala.1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993) [overruled on other grounds, Bruce v. Cole, 854 So.2d 47 (Ala.2003) ]; Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).'"
Pittman v. United Toll Sys., LLC, 882 So.2d 842, 844 (Ala.2003) (quoting Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997)). Additionally, if "conflicting inferences can be drawn from the evidence, the question of reasonableness [should be] submitted to the trier of fact." United States Fidelity & Guar. Co. v. Baldwin County Home Builders Ass'n, Inc., 770 So.2d 72, 75 (Ala.2000).
Geico's insurance policy required that notice of an accident or possible claim be given "as soon as possible." Our supreme court has construed the phrase "as soon as possible" to mean "within a reasonable time." CIE Serv. Corp. v. Smith, 460 So.2d 1244, 1246 (Ala.1984)(quoting Pan American Fire & Cas. Co. v. DeKalb-Cherokee Counties Gas Dist., 289 Ala. 206, 214, 266 So.2d 763, 771 (1972)). Regarding whether notice was given within a reasonable time, the supreme court explained in Thomas, "under Alabama law there are only two factors to be considered in determining the reasonableness of a delay in giving notice to [a liability] insurer: the length of the delay and the reasons for the delay." 334 So.2d at 883. The court also stated:
"Where facts are disputed or where conflicting inferences may reasonably be drawn from the evidence, the question of the reasonableness of a delay in giving notice is a question of fact for the jury. Provident Life & Accident Insurance Co. v. Heidelberg, 228 Ala. 682, 154 So. 809 (1934). Conflicting inferences concerning the reasonableness of a delay may sometimes be drawn where the insured offers evidence of mitigating circumstances....

*938 "`[w]here the facts are undisputed and only one conclusion is reasonably possible, the question whether or not the insured under a liability policy complied with the requirement of notice is a question of law for the court; but where the facts are disputed or more than one conclusion is reasonably possible, the question is one for the jury.'"
Thomas, 334 So.2d at 882-83 (quoting Lennon v. American Farmers Mut. Ins. Co., 208 Md. 424, 432, 118 A.2d 500, 503 (1955)).
Adhering to these standards, the court in Thomas reversed the trial court's determination that the insurer was required to provide coverage. The supreme court based its ruling on evidence that showed that the insured had possession of the policy, "was advised by the injured party's attorney to notify his homeowner's insurance carrier," and "was repeatedly advised by his own attorney to bring the policy to him and of the need to determine whether the accident was covered under his homeowner's policy." 334 So.2d at 884.
In Dill v. Colonial Insurance Co. of California, 569 So.2d 385 (Ala.1990), our supreme court applied the same principles of law in a summary-judgment context and reached a different result. For a period of 22 months, the driver of a rented vehicle failed to notify his insurance company of an accident involving the rented vehicle. The insurance company sought a judgment declaring that as a result of the delay it was not required to defend and provide coverage to the driver in an action filed against him by his passenger for injuries sustained in the automobile accident. The evidence showed that the passenger had inquired of the driver whether he had liability insurance to cover the accident. The driver, however, testified that he had no knowledge that his policy would cover the accident because the vehicle was rented. The trial court entered a summary judgment for the insurance company, finding that the driver had acted unreasonably as a matter of law. The supreme court reversed, finding that the "fact situation in this case presents complexities that make us unwilling to hold that [the driver's] delay was unreasonable as a matter of law." Dill, 569 So.2d at 386. Particularly, the court noted that the evidence conflicted.
"[The passenger] had asked [the driver] whether he had coverage, which might reasonably have led [the driver] to inquire of [the insurance company] whether he had coverage. On the other hand, [the driver], acting reasonably, might not have understood that his policy covered rental cars, and, accordingly, might have acted reasonably in not pursuing coverage...."
Dill, 569 So.2d at 387. Because the evidence conflicted and conflicting inferences could be drawn from the evidence, the supreme court reversed the trial court's summary judgment. Dill, 569 So.2d at 387.
The parties in this case offered conflicting evidence regarding the events that immediately followed the accident. The child's parents testified that the child was seriously injured, that they immediately called for emergency medical assistance, and that they contacted the driver and advised her of the child's condition. Additionally, the police were called to the scene of the accident and the driver herself testified that the child's impact with the vehicle left a small dent or "scuff" on the door of the vehicle. From this evidence, an objective trier of fact could conclude that the driver had sufficient notice that the accident and the child's injuries were serious and, consequently, that her delay in notifying Geico of the accident was unreasonable.
*939 Conversely, the driver testified that the child was standing and walking immediately following the accident. She stated that, although a fire truck came to the scene of the accident and a single fireman checked the child for injuries, the child never appeared to be injured in any way during the 30 or 40 minutes the driver remained at the scene. Additionally, the driver testified that the police officer did not issue any sort of citation to her as a result of the accident and granted her permission to leave the scene. The driver stated that the mark on the vehicle was merely a scuff. The driver denied ever talking with the parents about the child's condition. Based on this evidence, an objective trier of fact could conclude that the driver reasonably believed that the child was not injured, that the accident was not serious enough to report, and, as a result, that her delay in notifying Geico was reasonable under the circumstances.
The evidence of record, therefore, shows that the facts before the trial court were intensely disputed and that more than one reasonable conclusion was possible. See Thomas, 334 So.2d at 883. Additionally, "conflicting inferences may reasonably be drawn from the evidence, [therefore,] the question of the reasonableness of [the] delay in giving notice is a question of fact...." Id. at 882.
Despite this conflicting evidence, the dissent argues that the summary judgment should be affirmed because the applicable rule is whether the accident may give rise to a claim. Additionally, the dissent argues that the driver's reasons for the delay were based upon her subjective impression of the accident and that the proper standard for determining reasonableness is an objective standard rather than a subjective standard. Pan American Fire & Casualty Co. v. DeKalb-Cherokee Counties Gas District, 289 Ala. 206, 266 So.2d 763 (1972), on which the dissent relies, was an appeal from a final judgment following a trial. The portion of the opinion from which the dissent quotes states in its entirety:
"`Nature of accident or injury. A requirement that notice be given of accidents refers to accidents causing a loss covered by the policy. Generally, delay is excusable in the case of an accident which is trivial and results in no apparent harm, or which furnishes no ground for insured, acting as a reasonable and prudent man, to believe at the time that a claim for damages will arise or that the injury is one insured against. In such case notice is not required until some claim within the coverage of the policy has been presented or is reasonably to be anticipated, in which event the requirement as to notice is satisfied if notice is given within a reasonable time after the situation assumes an aspect suggestive of a possible claim for damages. Clearly, notice is necessary when there has been such an occurrence as would lead a reasonable and prudent man to believe that it might give rise to a claim for damages. In this connection the test [is] not a subjective one measured merely by the good faith of insured, but is an objective one, and hence the mere fact that insured believes that an injury resulting from an accident is slight, or that he does not believe that any valid claim will arise out of an accident, is not of itself an excuse for failure to give notice of the accident to insurer...'"
Pan American, 289 Ala. at 214, 266 So.2d at 771 (quoting 45 C.J.S. Insurance § 1056)(emphasis added). The court in Pan American, therefore, recognized that a delay in notice is objectively reasonable and excusable when the accident "is trivial and results in no apparent harm." Based on the evidence discussed above, we believe that an objective fact-finder could *940 conclude that the driver reasonably believed that the accident was trivial and resulted in no harm that was apparent to her.
Additionally, four of the other cases on which the dissent relies were not appeals from summary judgments as is the case here. See American States Ins. Co. v. Barker, 438 So.2d 748 (Ala.1983); Pinson Truck Equip. Co. v. Gulf American Fire & Cas. Co., 388 So.2d 955 (Ala.1980); Thomas, supra; and Stonewall Ins. Co. v. Lowe, 291 Ala. 548, 284 So.2d 254 (1973). Another case that the dissent refers to, Haston v. Transamerica Insurance Services, 662 So.2d 1138 (Ala.1995), was an appeal from a summary judgment. However, in that case the supreme court affirmed the judgment for the insurance company because the evidence showed that it did not receive notice of the accident until over two years after the complaint was filed and served on the insured and a default judgment had been entered. 662 So.2d at 1138-39.
Because the appeal in this case is from a summary judgment, we must determine whether genuine issues of material fact existed and whether Geico was entitled to judgment as a matter of law. See Baldwin County Home Builders Ass'n, 770 So.2d at 74. Because the evidence presented to the trial court and the inferences that may be drawn from the evidence are conflicting, we believe that genuine issues of material fact exist that preclude summary judgment. We, therefore, reverse the trial court's summary judgment with respect to Geico, and we remand the cause so that the trier of fact may take evidence and determine whether the driver's delay in giving notice was reasonable.

B. Case No. 2050960
We now turn to Progressive's appeal of the trial court's July 19, 2006, judgment in case no. 2050960. The trial court characterized the judgment as a denial of Progressive's summary-judgment motion, and we recognize that "the general rule is that denial of a summary-judgment motion is not immediately reviewable by an appellate court." Ex parte Wood, 852 So.2d 705, 708 (Ala.2002). However, the July 19, 2006, judgment did more than simply deny Progressive's motion for a summary judgment based on a finding that Progressive was not entitled to a judgment as a matter of law or that genuine issues of material fact existed. Although Progressive had requested a jury trial, the judgment also included findings regarding the factual issues relative to Progressive's cross-claim: whether the Steeles' delay in notifying Progressive was reasonable and whether Progressive was prejudiced by the delay.
As explained in State Farm Mutual Automobile Insurance Co. v. Burgess, 474 So.2d 634, 637 (Ala.1985), discussed below, the question of the reasonableness of the insured's delay is the ultimate issue in claims such as Progressive's. Furthermore, a finding that an uninsured/underinsured-motorist insurer was not prejudiced, as the trial court found here, typically results in a final judgment that the delay in notice will not bar coverage. See Burgess, 474 So.2d at 637 ("If the insurer fails to present evidence as to prejudice, then the insured's failure to give notice will not be a bar to his recovery."). Because the July 19, 2006, judgment went beyond the denial of Progressive's summary-judgment motion and determined the pending factual questions at issue in Progressive's cross-claim, we conclude that the July 19, 2006, order with respect to Progressive was a final judgment on the merits of Progressive's cross-claim for a declaratory judgment. See also Alfa Specialty Ins. Co. v. Jennings, 906 So.2d 195, 198 n. 3 (Ala.Civ.App.2005)(finding that trial court appeared to have fully adjudicated insurer's *941 claim for declaratory judgment and entered a summary judgment against the insurer).
Progressive argues on appeal that the trial court erred because, it asserts, the evidence showed that Progressive was prejudiced by the Steeles' delay. Regarding the appropriate standard of review, our supreme court has stated:
"Our review of a declaratory judgment is generally governed by the ore tenus standard of review. However, in cases such as this, where there are no disputed facts and where the judgment is based entirely upon documentary evidence, no such presumption of correctness applies; our review is de novo."
Alfa Mut. Ins. Co. v. Small, 829 So.2d 743, 745 (Ala.2002). Therefore, because July 19, 2006, judgment was based only upon documentary evidence, we do not afford it a presumption of correctness, but instead review it de novo.
Progressive's insurance policy required that notice be given "as soon as practicable." In Thomas, supra, which also discussed uninsured/underinsured-motorist insurance, the court stated that this language has "been generally construed to mean that notice must be given `within a reasonable time' in view of all the facts and circumstances of the case." 334 So.2d at 882. The rules that govern the determination whether a delay in notice to an uninsured/underinsured-motorist insurer is reasonable are different from the rules that govern the determination in the context of liability insurance. Our supreme court explained in Burgess, supra, that "in uninsured motorist insurance cases, unlike liability insurance cases, prejudice to the insurer is a factor to be considered, along with the reasons for the delay and the length of a delay, in determining the overall reasonableness of a delay in giving notice of an accident." 474 So.2d at 637. The court explained the proper analysis as follows:
"In the typical case, the insured must, at a minimum, put on evidence showing the reason for not complying with the insured's notice requirement. This prerequisite satisfied, the insurer may then demonstrate that it was prejudiced by the insured's failure to give timely notice. If the insurer fails to present evidence as to prejudice, then the insured's failure to give notice will not be a bar to his recovery. When the insurer puts on evidence of prejudice, however, the reasonableness of the failure to give notice then becomes a question of fact for a jury to decide."
474 So.2d at 637. This analysis was not correctly applied, and Progressive's claim was not sent to a jury for a determination of the factual issues.
The Steeles presented evidence showing the reason for their delay as required under the first part of the Burgess analysis. They testified that they did not inform Progressive of the accident because their child, not their insured vehicle, was involved in the accident. The Steeles contend that they did not realize that their policy with Progressive would provide coverage under those circumstances. They also testified that they did not receive a complete copy of the insurance policy before the accident.
As required by the second part of the Burgess analysis, Progressive then presented evidence showing that it was prejudiced as a result of the Steeles' delay. Progressive submitted an affidavit showing that its standard procedure upon receiving a claim was to contact the drivers and owners of all vehicles involved in an accident. Accordingly, Progressive argued, it was prejudiced by the delay because, had it been informed by the Steeles of the *942 accident, it would have contacted Geico, the owner, and the driver. Progressive contends that its contacting Geico would have resulted in Geico's providing liability insurance to the driver, and, therefore, that it would thus be required to pay only underinsured-motorist benefits, if any, instead of a greater amount of uninsured-motorist benefits. We disagree with the trial court's finding that Progressive failed to submit evidence of prejudice. We believe that Progressive submitted evidence showing that it may have to pay more in uninsured-motorist coverage than in underinsured-motorist coverage as a result of the Steeles' delay.
Based on the analysis set forth in Burgess, because the Steeles presented evidence of the reason for their delay and Progressive presented evidence showing that it would be prejudiced by the delay, the issue of reasonableness should be determined by the trier of fact. Because the analysis set forth in Burgess, supra, was not correctly applied, the July 19, 2006, judgment was in error. We, therefore, reverse the July 19, 2006, judgment as to Progressive, and we remand the cause to the trial court so that the trier of fact may receive additional evidence and make a determination under the analysis set out in Burgess, supra.

Conclusion
Based on the foregoing, we reverse the July 19, 2006, judgment in its entirety, and we remand the cause to the trial court for further proceedings consistent with this opinion.
2050960  REVERSED AND REMANDED.
2051006  REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs specially.
THOMAS, J., concurs as to case no. 2050960 and dissents as to case no. 2051006, with writing.
MOORE, Judge, concurring specially.
I concur in the disposition of both appeals. I write specially to address additional reasons why the summary judgment in case no. 2051006 should be reversed.
The parties assume in their briefs, and the lead opinion holds, see note 3, that Deshonda Prowell, as a permissive operator of the insured automobile, and thus an additional insured, had a duty to notify Geico of any accident or possible claim as set out in the notice clause of the policy. Based on my review of Alabama caselaw, I find that under the circumstances presented in this case, Prowell did have a duty to notify Geico "as soon as possible" of the accident.
In Royal Indemnity Co. v. Pearson, 287 Ala. 1, 246 So.2d 652 (1971), our supreme court held that an additional insured has no duty to notify an insurer of an accident when the named insured has given proper notice and the insurer has not been prejudiced in its right to investigate and defend any claim against the additional insured resulting from the accident. In this case, the named insured did not properly notify the insurer of the accident because she had no knowledge of the accident. Hence, the holding in Pearson is not applicable.
A year later in American Liberty Insurance Co. v. Soules, 288 Ala. 163, 258 So.2d 872 (1972), our supreme court excused an unnamed additional insured from providing timely notice of an occurrence to the named insured's homeowner's liability insurer due to the additional insured's ignorance of the policy and the coverage afforded to him therein. The court held that the additional insured had a duty to notify *943 the homeowner's liability insurer only within a reasonable time from discovering the existence of the policy providing him coverage. Soules does not apply to the present case because Prowell knew of the existence of the Geico policy, having produced a Geico insurance card at the scene of the accident.
More recently, in Burkes Mechanical, Inc. v. Fort James-Pennington, Inc., 908 So.2d 905 (Ala.2004), our supreme court, in discussing a contractual indemnity claim, noted that both the named insured and an additional insured bear equally the burden of providing proper notice to the insurer of an occurrence coming within the terms of a comprehensive general-liability insurance policy. Although this statement may be considered dicta, it reflects our supreme court's understanding that an additional insured with knowledge of insurance coverage does indeed have a duty to notify the insurer of a potentially covered event in accordance with the terms of the notice clause in the named insured's policy.
Taken together, these cases establish the general rule in accordance with the majority of jurisdictions: "[A] duty to provide notice under an automobile liability policy exists as to an additional insured." See 13 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 187:5 (3d ed.1999). Because Prowell's duty to provide notice was not excused by the named insured's notice or any ignorance of the Geico policy, she bore the burden of complying with the terms of the notice provision.
As the lead opinion points out, the Geico automobile-liability insurance policy at issue in this case requires the insured to provide notice of an "accident" or possible claim "as soon as possible." The policy does not define the term "accident." However, it has long been held that the term "accident" as contained in an automobile-liability insurance policy refers to an undesigned and unforeseen occurrence of an unfortunate character resulting in bodily injury to a person other than the insured. Chapin v. Ocean Acc. & Guar. Corp., 96 Neb. 213, 147 N.W. 465 (1914). This definition flows from the nature of the liability-insurance contract in which the insurer agrees to indemnify and defend the insured against loss from the liability imposed by law upon the insured for damages on account of bodily injuries accidentally suffered due to the use of an insured automobile. 96 Neb. at 216, 147 N.W. at 467.
Because the purpose of the notice provision is to enable the insurer to promptly inform itself of the circumstances of the accident so that it may prepare a defense or settle any claim arising therefrom, the insured only has a duty to provide notice of those accidents resulting in bodily injury to a third party that may give rise to a covered claim. Chapin, 96 Neb. at 216, 147 N.W. at 467. Conversely, the insured has no duty to provide notice to the insurer of an accident that does not result in bodily injury to a third party. Id. Consequently, "[i]f no apparent injury occurred from the mishap, and there was no reasonable ground for believing at the time that bodily injury would result from the accident, there was no duty upon the assured to notify the insurer." 96 Neb. at 217-18, 147 N.W. at 467. As stated by another court:
"`An injury might be of such character as to afford, at first, no reasonable ground for thinking that it might support a claim for damages against the employer. In such case we think the assured would not be required, under the reasonable rule of construction we are discussing, to give the assurer notice until such time as the facts of the injury and its progress began to suggest to a person of reasonable care and prudence *944 that a possible liability of the assured to answer in damages lurked in them.... Frequently an injury, apparently too trivial to cause any damage or inconvenience, develops into a most serious phase. The duty of the assured in such instances with respect to giving notice is performed if he gives notice within a reasonable time after the injury first takes on a serious aspect, an aspect suggestive of a possible claim for damages.'"
96 Neb. at 218, 147 N.W. at 467-68 (quoting National Paper Box Co. v. Aetna Life Ins. Co., 170 Mo.App. 361, 367-68, 156 S.W. 740, 742 (1913)).
Although the rule that an insured has no duty to report trivial accidents causing no apparent immediate bodily injury was fashioned at the turn of the last century, it remains the universal rule today. See Stonewall Ins. Co. v. Hamilton, 727 F.Supp. 271, 273 (W.D.Va.1989) (quoting State Farm Mut. Auto. Ins. Co. v. Murnion, 439 F.2d 945, 947 (9th Cir.1971), in turn citing Annotation, Trivial Nature of Personal Injury as Excusing Compliance with Liability Insurance Policy Provision Requiring Notice to Insurer, 39 A.L.R.3d 593, § 2[a]). As it stands now, the general law of insurance holds that an insured has a duty to notify the insurer of a trivial accident only within a reasonable time from the point that the insured receives information that would lead a reasonable person to believe that the accident has resulted in a bodily injury or within a reasonable time from the point the insured receives information that would lead a reasonable person to believe that a claim covered by the policy has been made or may be reasonably anticipated to be made due to the accident. See Hamilton, supra.
Alabama law has recognized the general rule since at least 1972 when our supreme court, in dicta, quoted a treatise on insurance law in Pan American Fire & Casualty Co. v. DeKalb-Cherokee Counties Gas District, 289 Ala. 206, 266 So.2d 763 (1972), that stated: "`Generally, delay is excusable in the case of an accident which is trivial and results in no apparent harm.'" 289 Ala. at 214, 266 So.2d at 771 (quoting 45 C.J.S. Insurance § 1056). However, I have not found any Alabama appellate court opinion that addresses an insured's duty to notify the insurer of trivial accidents since Pan American. Presumably, our supreme court would follow the dicta contained in Pan American and adopted by every other jurisdiction that has considered the issue.
Applying the law to the facts of this case, Prowell would have had no duty to notify Geico of the accident if the accident did not cause the child any apparent bodily injury at the time. Rather, Prowell's duty to notify Geico would arise only at the point when she obtained information that, in fact, the child did receive bodily injury due to the accident or at the point when she obtained information that the Steeles intended to make a claim for damages due to the bodily injury the child received in the accident.
Prowell also testified that she did not notify Geico of the accident because she did not believe she was at fault for the accident. According to Prowell, she was driving along when the child ran into the street and struck the automobile. In Pan American, the court adopted the following statement of the law:
"`It is generally recognized that the insured may be excused for a delay or failure to give the required notice to the insurer where it appears that, acting as a reasonably prudent person, he believed that he was not liable for the accident. Thus where the insured has no reasonable grounds for believing that any act or omission by it, or any act of *945 its employees was the cause of an injury upon which an action was later based by an injured party against the insured, the insured was held not to be required to give any notice to the insurer under a liability policy requiring notice of an accident to be given "as soon as practicable"...'"
289 Ala. at 216, 266 So.2d at 773 (quoting 44 Am.Jur.2d Insurance § 1474). If the testimony of Prowell is believed, the jury could find that Prowell had no duty to notify Geico pursuant to the above-stated rule of law even if it found that the accident was not trivial or that the Steeles had informed Prowell shortly after the accident that the child had been hospitalized due to the injuries received in the accident.
"`Where facts are disputed or where conflicting inferences may reasonably be drawn from the evidence, the question of the reasonableness of a delay in giving notice is a question of fact for the jury.'" State Farm Fire & Cas. Co. v. Hartford Acc. & Indem. Co., 347 So.2d 389, 392 (Ala.1977) (quoting Southern Guar. Ins. Co. v. Thomas, 334 So.2d 879, 882 (Ala. 1976)). In the present case, numerous factual issues preclude the entry of a summary judgment, including: whether the accident resulted in apparent harm to the child; whether the Steeles informed Prowell shortly after the accident that the child had been hospitalized due to the injuries received in the accident; and whether a reasonable person would believe that Prowell had no liability for the accident and the allegedly resulting injury. Hence, the trial court erred in entering the summary judgment for Geico.
THOMAS, Judge, concurring in case no. 2050960, and dissenting in case no. 2051006.
I respectfully dissent in case number 2051006, but I concur in case number 2050960. In regard to case number 2051006, Steele v. Geico, I disagree with the majority's conclusion that there is a genuine dispute as to any material fact.
The majority is correct in noting that under Alabama law there are only two factors to be considered in determining the reasonableness of a delay in giving notice to an insurer: (1) the length of the delay and (2) the reasons for the delay. Southern Guar. Ins. Co. v. Thomas, 334 So.2d 879, 883 (Ala.1976). However, Thomas also relied upon Pan American Fire & Casualty Co. v. DeKalb-Cherokee Counties Gas District, 289 Ala. 206, 214, 266 So.2d 763, 771 (1972), which, in quoting from 45 C.J.S. Insurance § 1056, stated:
"`Clearly, notice is necessary when there has been such an occurrence as would lead a reasonable and prudent man to believe that it might give rise to a claim for damages. In this connection the test [is] not a subjective one measured merely by the good faith of insured, but is an objective one, and hence the mere fact that insured believes that an injury resulting from an accident is slight, or that he does not believe that any valid claim will arise out of an accident, is not of itself an excuse for failure to give notice of the accident to insurer ...'"
(Emphasis added.) Thus, it is not a party's subjective opinion as to the reasonableness of the delay in providing notice to his insurance company that is determinative; rather, it is an objective reasonableness test that our courts apply in such circumstances. Id.; see also American States Ins. Co. v. Barker, 438 So.2d 748, 749 (Ala.1983) (noting that the circumstances requiring notice must be such as to lead a reasonable and prudent person to believe an accident may give rise to a claim against him); and 46A C.J.S. Insurance § 1308 (2007). Therefore, "if there is *946 no reasonable excuse offered for a delay in giving notice, the issue may be decided as a matter of law." Haston v. Transamerica Ins. Servs., 662 So.2d 1138, 1141 (Ala.1995) (citing Thomas, 334 So.2d at 882-83). Granted, the court in Pan American also observed:
"`It is generally recognized that the insured may be excused for a delay or failure to give the required notice to the insurer where it appears that, acting as a reasonably prudent person, he believed that he was not liable for the accident.'"
289 Ala. at 216, 266 So.2d at 773 (quoting 44 Am.Jur.2d Insurance § 1474). However, the facts in cases in which our courts have held that a delay in notice was reasonable are distinct from the facts of this case.
For example, in Pan American, which affirmed a trial court's determination that a delay in notification was reasonable, the insured was a company whose employee had visited the house of the tort claimant to turn on the tort claimant's gas heater. 289 Ala. at 214-15, 266 So.2d at 771-72. Several weeks after that employee visited the house the tort claimant attempted to light the heater again and an explosion ensued. 289 Ala. at 215, 266 So.2d at 772. Although the company was contacted by an insurance adjuster for the tort claimant, no indication was made that any claim would be made against the company, and, in fact, the insurance adjuster "informed [the company] that a claim was being made under the provisions of the [tort claimant's] homeowners policy." Id. The insured did not have any notice of that explosion from any of the parties involved in the incident. Id. Our supreme court stated:
"A careful search of the record in this cause fails to disclose any circumstance in the court's opinion that would serve to cause a reasonable prudent man faced with the circumstances of this particular case to believe at the time that a claim for damages would or could arise or that the injury suffered was one insured against by [the company's insurer] in this cause or constituted an accident or occurrence involving the [the company or its agent]. To the contrary, the only contact exhibited by the record made with [the company] was by an adjuster for the homeowners insurance company under such circumstances as to serve to alleviate any feeling of liability or responsibility on the part of this gas company or its employee."
289 Ala. at 215, 266 So.2d at 772 (emphasis added). In stark contrast are the facts of the present case, in which the driver knew that a child's impact with a moving vehicle had left a mark of impact upon the vehicle, the police and the fire department were called to the scene, and the owner's insurance information was provided to the investigating officer.
In Thomas, supra, the facts were also different from the facts of the present case. First, I note that the holding in Thomas was to reverse the trial court's judgment that the insurer must provide insurance coverage for the insured. 334 So.2d at 881. I also recognize that the facts in Thomas were more egregious than those in the present case in that the insured in Thomas had received a letter from the tort claimant indicating that he intended to "proceed with the case to recover damages" and the insured had been advised by his own attorney to check into whether his homeowner's insurance policy would cover the accident. Id. Nevertheless, in Thomas, the insured had argued that his delay in notification was reasonable because (1) he believed that his policy did not provide coverage, (2) he believed that he was not liable for the accident, and *947 (3) he did not believe that suit would be filed. Id. at 883-84. In reversing the trial court's judgment, our supreme court determined that each of the explanations for the delay in notification offered by the insured was unreasonable as a matter of law. In regard to the insured's belief that he was not liable for the accident, our supreme court noted that their decision to reverse
"is supported by the case of Jeannette Glass Co. v. Indemnity Insurance Co., 370 Pa. 409, 88 A.2d 407 (1952). There, the Supreme Court of Pennsylvania held that the fact that the insured had investigated the accident and had determined that it was not liable [as a matter of law] did not excuse the insured from giving notice `as soon as practicable.' A directed verdict for the insurer was affirmed, the only question being one of law for the court."
334 So.2d at 884.
I also note that our supreme court subsequently indicated that the proper rule to apply in cases such as this case is whether an accident may give rise to a claim. See Pinson Truck Equip. Co. v. Gulf American Fire & Cas. Co., 388 So.2d 955, 956-57 (Ala.1980) (circumstances must be such as to lead a reasonable and prudent person to believe an occurrence may give rise to a claim for damages against him) (citing Stonewall Ins. Co. v. Lowe, 291 Ala. 548, 284 So.2d 254 (1973), and Pan American, supra); and Barker, 438 So.2d at 749 (noting that whether notification was made within a reasonable time depends on whether the circumstances were such "as to lead reasonable and prudent persons to believe an occurrence may give rise to a claim against him").
In their appeal, the Steeles primarily rely upon two cases: Dill v. Colonial Insurance Co. of California, 569 So.2d 385 (Ala.1990), and Hackleburg Church of Christ v. Great American Insurance Cos., 675 So.2d 1309 (Ala.Civ.App.1995). Both cases are distinguishable from this case.
In Dill the driver of a rental vehicle involved in an accident had stated in an affidavit that he did not have knowledge that he had insurance coverage applicable to the accident, that he did not have his insurance policy in his possession, and that he had never read his insurance policy. In reversing the trial court's summary judgment in favor of the insurer, our supreme court stated that the driver "may still try to prove to a jury that his belief that the policy did not cover rental vehicles was reasonable." Dill, 569 So.2d at 387.
In contrast, in this case the reasons offered by the driver for her delay in notification are not focused upon the terms of the policy but upon her subjective impression of the accident. It is undisputed that the driver did not inform Geico or the owner of the vehicle of the accident. The majority focuses upon the different inferences that may be drawn from the evidence; however, even when the evidence is viewed in the light most favorable to the driver, it was unreasonable for the driver to have not informed anyone of the accident. Even if the child caused the accident by running into the moving vehicle and even if the child appeared to not have been injured, a "reasonable and prudent" person would have believed that the accident "might give rise to a claim for damages" when it is also undisputed that police and a fire truck were called to the scene, that the driver provided insurance information to the police, and that the driver was aware of a "scuff" mark left on the vehicle where the impact with the child had occurred. At a minimum, the driver should have informed the owner of the vehicle of the accident when the driver also provided the owner's insurance information *948 to the police investigators at the scene of the accident.
Although the Steeles also rely on Hackleburg, supra, to support their argument, that case is also distinguishable from the present case. In Hackleburg, which involved storm damage to a church building, our supreme court reversed a summary judgment by a trial court that had held that a seven-year delay in providing notice to a insurance company was unreasonable as a matter of law. In doing so, our supreme court noted that the insured had argued that it had been unable to discover the extent of the damage by reasonable inspection sooner than it had and that facts concerning the proximate cause of the damage were in dispute, rendering a summary judgment improper. Id. at 1311-12.
In this case however, the driver was aware of the damage to the vehicle shortly after the accident. It was unreasonable as a matter of law for the driver to not notify either Geico or the owner of the vehicle following the accident, given that an eight-year-old child's impact with the moving vehicle had left a visible mark on the car, police and a fire truck were called to the scene, and the owner's insurance information was provided by the driver to the investigating officer. See Thomas, 334 So.2d at 884 (holding that an insured's personal belief that he was not liable for an accident provided no basis for submitting the question of the reasonableness of his delay in notification to a jury when the insured knew the day after the accident that it had been claimed that the cable he had installed had caused the accident); see also Jeannette Glass Co., supra (holding that the fact that the insured had investigated the accident and had determined that it was not liable as a matter of law did not excuse the insured from giving notice as soon as practicable). The Thomas court also noted:
"It was not the insured's duty under the terms of the policy to determine the probability of suit's being filed; it was his duty to give the insurer notice of any accident or occurrence and to forward to the insurer every demand within a reasonable time."
334 So.2d at 885. Similarly, the driver in this case did not have the duty to determine the probability of any suit being filed. Under the circumstances presented in this case, a reasonable person would have realized that a claim for damages might be filed against the driver as a result of the accident. A reasonable person does not exist in a vacuum, void of any understanding of the society in which he or she lives  a society that is commonly understood to be litigious. Moreover, "[a]n insured should not focus on one element (i.e., no apparent injury) in attempting to determine whether the incident was too trivial to notify the insurer, but should review the totality of the circumstances surrounding the accident (i.e., nature of the injury, nature of physical damage, and the actions or inactions of the insured)." 13 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 192:87 (3d ed.1999). I do not consider the totality of the circumstances of the accident at issue in this case to be trivial enough to excuse any notice requirement for liability-insurance coverage. Therefore, I conclude that the driver's failure to notify Geico in this case was unreasonable as a matter of law. Accordingly I would affirm the judgment of the trial court in case number 2051006.
NOTES
[1] Despite the fact that neither the liability of the driver nor Geico's contractual obligation had been determined at the time Progressive intervened and filed its cross-claim, Progressive's claim against the Steeles was a justiciable controversy. See Employers Nat'l Ins. Co. v. Holliman, 287 Ala. 123, 130, 248 So.2d 717, 723 (1971).
[2] This appeal was filed by Jeamae Steele, a minor by and through her mother, Jonita Steele. The owner and the driver have not appealed the trial court's summary judgment in favor of Geico.
[3] Because the driver was operating the vehicle with the owner's permission, she was defined as an insured under the policy between the owner and Geico and was thus subject to the notice requirement in the policy.