MADDOX, Justice.
This case involves a coverage question under a homeowner’s policy. The specific question presented is whether Harry Carpenter, who owns and shares a beach house with his brother, is covered under his brother’s policy as a resident of his brother’s household.
The trial court, finding the policy language ambiguous, entered a judgment declaring that there was coverage. We reverse and render judgment for the insurer.
The parties stipulated the facts as follows:
“1. Harry Carpenter and Gil Carpenter are brothers. Barbara Carpenter is Harry’s wife. Kathy Carpenter is Gil’s wife.
“2. In October 1984, Harry and Barbara Carpenter lived at 109 Thrush Lane, Do-than, Alabama. Gil and Kathy Carpen- • ter lived at 1306 West Newton, Dothan, Alabama. The two couples jointly owned a beach house at 9610 Beach Blvd., Panama City, Florida.
“3. The Panama City beach house was deeded to Harry, Barbara, Gil and Kathy
[[Image here]]
“4. Harry and Barbara are named defendants in R. Allen Latimer, et al. v. Harry Carpenter, et al., Case No. CV-86-490-S, presently pending in the Circuit Court of Houston County. The complaint in this case alleges that Harry and Barbara negligently and/or wantonly caused a fire in their beach house on or about October 6, 1984. This suit further alleges that their negligence and/or wantonness proximately caused a neighbor’s beach house to be damaged.
“5. At the time of this fire there was a contract of insurance with American Liberty Insurance Company in full force and effect which named Gil and Kathy Carpenter as insureds.
“6. The policy of insurance naming Gil and Kathy Carpenter as named insureds listed the beach house as another insured location for liability coverage only.
“7. Harry and his wife, Barbara, and Gil and his wife, Kathy, alternated weekends staying in the beach house between February and September or October. In addition, the two couples would use the beach house at the same time two or three times a year."
The policy, in applicable part, defines “insured” as follows:
“3. ‘Insured’ means you and the following residents of your household:
“a. your relatives_”
In light of the fact that American Liberty concedes that the parties are related, it is only necessary for us to determine whether Harry and Barbara Carpenter are residents of the named insureds’ household. It is necessary, therefore, for us to determine what the parties intended by the phrase “residents of your household.”
This Court has previously had occasion to address the question of what the word “resident” means. In Mathis v. Employer’s Fire Ins. Co., 399 So.2d 273, 275 (Ala. 1981), this Court quoted 77 C.J.S. Resident p. 305 (1952), as follows:
“ ‘ “Resident” has no technical meaning, and no fixed meaning applicable to all cases, but rather it has many meanings, and is used in different and various senses, and it has received various interpretations by the courts. Generally the construction or signification of the term is governed by the connection in which it is used, and depends on the context, the subject matter, and the object, purpose, or result designed to be accomplished by its use, and its meaning is to be determined from the facts and circumstances taken together in each particular case.’ ”
Black’s Law Dictionary, (5th ed. 1979) at 666 defines the word “household” as follows: “A family living together, [citation omitted] Those who dwell under the same roof and compose a family. A man’s family living together constitutes his household, though he may have gone to another state.”
In Mathis, supra, the Court observed, “[T]o be a ‘resident’ of a named insured’s household an individual must be more than a temporary or transient visitor, and must actually live with others in the same household for a period of some duration.” Mathis, 399 So.2d at 275.
*404 The Carpenters contend that the phrase “residents of your household” is ambiguous and is due to be construed against the insurer. In support of this argument, the Carpenters cite three cases holding the phrase to be ambiguous. See Alabama Farm Bureau Mut. Cas. Ins. Co. v. Pigott, 393 So.2d 1379 (Ala.1981); Crossett v. St. Louis Fire & Marine Ins. Co., 289 Ala. 598, 269 So.2d 869 (1972); State Farm Mutual Automobile Ins. Co. v. Hanna, 277 Ala. 32, 166 So.2d 872 (1964).
We do not find the policy ambiguous. The cases cited by the Carpenters, which found the phrase “residents of your household” ambiguous, were cases dealing with a parent/child relationship, and are, therefore, distinguishable from this case.
In Home Insurance Co. v. Pettit, 225 Ala. 487, 489, 143 So. 839, 841 (1932), this Court stated, regarding the construction of any contract:
“[T]he first important canon of construction is to ascertain, if possible, the real intention of the contracting parties. To arrive at that intention, the circumstances under which the contract was made, the object and purposes the parties had in mind, and words employed to express their meaning, should be given consideration. Words employed in the contract should be given their plain, ordinary, everyday meaning, unless it appears from the instrument itself, or from something in the circumstances of the case, to indicate to the judicial mind the words were used in some technical sense.”
In Alabama Farm Bureau Mut. Cas. Ins. Co. v. Preston, 287 Ala. 493, 496, 253 So.2d 4, 6 (1971), this Court, employing similar logic, stated:
“Insurance contracts, like other contracts, are not to be construed so technically as to defeat the intention of the parties, but are to be given a rational and practical construction. We are not at liberty to make a new contract for the parties by a tortured construction.”
The policy in question covered primarily Gil and Kathy Carpenter’s Dothan residence, and the Florida beach house was added as “another insured location for liability coverage only.”
The stipulated facts do not support Harry and Barbara’s argument that they are members of the same household as Gil and Kathy Carpenter; instead, those facts compel a different conclusion. It is abundantly clear that these two couples, although related, have their separate nuclear family units; that they reside in separate homes in Dothan; and that they are residents of separate households. Although the phrase “residents of your household” could be ambiguous in other contexts, we find no ambiguity when that policy term is considered in light of the facts in this case.
American Liberty, which insured Gil and Kathy Carpenter, is not compelled to tender a defense or provide coverage to Harry and Barbara Carpenter. The judgment of the trial court is due to be reversed and a judgment rendered in favor of American Liberty.
REVERSED AND JUDGMENT RENDERED.
ALMON, ADAMS, HOUSTON and STEAGALL, JJ., concur.