ADAMS, Justice.
This appeal arises out of an automobile/motorcycle accident that resulted in injuries to the appellant, Timothy Dewayne Harmon. The accident allegedly occurred due to the “negligent and wanton operation of an automobile” driven by Dianna L. Kennedy. As a result of the accident, Timothy, through his brother and next friend, Darrell W. Harmon, sued Ms. Kennedy, who was uninsured, and sued Darrell’s insurance company, United Services Automobile Association (“USAA”), for uninsured/underinsured motorist compensation for the accident. USAA thereafter filed a declaratory judgment action, claiming that Timothy Harmon was not covered under Darrell Harmon’s policy; specifically, USAA sought a determination that “Timo *115 thy Dewayne Harmon was not a resident of the household of Darrell W. Harmon at the time of the accident in question.” USAA filed a motion for summary judgment subsequent to the taking of depositions; the trial court granted USAA’s motion, and Harmon appeals from the summary judgment in the declaratory action.
Darrell Harmon’s policy covered “family members” and defined those persons as “person[s] related to you by blood, marriage or adoption who [are residents] of your household.” The following facts are necessary in order to make a determination as to whether Timothy falls within the coverage of Darrell’s policy:
Both parties concede that Darrell Harmon resided at 31 Magnolia Avenue in Daleville, Alabama, for approximately six months in 1987 and early 1988. Prior to that, he had lived at 2 Fannie Morris Drive in Daleville. Timothy, on the other hand, resided with his mother at Deer Run mobile home park in Daleville in a mobile home. Although Darrell paid rent and utilities on 31 Magnolia Avenue through the end of January 1988 and received his mail there, it appears that he stayed at his mother’s mobile home for approximately two weeks in January. Darrell, however, never moved any of his furniture to his mother’s home, nor did he carry anything with him except his personal hygiene items and his clothing. On January 22, 1988, Darrell closed a loan he had made to purchase a house located-at 217 Skyline Drive in Daleville. In his deposition, Darrell testified that he moved into his new house toward the end of January or in early February. It is undisputed that during the interim between living on Magnolia Avenue and moving to Skyline Drive, Darrell stayed at his mother’s home. Timothy’s accident occurred on January 23, 1988, while Darrell was staying at his mother’s home in Deer Run.
The sole issue in this case is whether the trial judge erred in determining that Timothy was not a resident of Darrell’s household and, therefore, that he was excluded from coverage under Darrell’s insurance policy. A thorough review of the record convinces us that the trial judge did not err, and that summary judgment was therefore proper.
In order to determine whether Timothy was a resident of Darrell’s household at the time of the accident, we note the following:
“In Crossett v. St. Louis Fire & Marine Insurance Co., 289 Ala. 598, 269 So.2d 869 (1972), this Court quoted with approval the following from American States Ins. Co. v. Walker, 26 Utah 2d 161, 486 P.2d 1042 (1971):
“ ‘A resident of a household is one who is a member of a family who live under the same roof. Residence emphasizes membership in a group rather than an attachment to a building. It is a matter of intention and choice rather than one of geography.’ ”
(Emphasis added.) Bayles v. Southern Guaranty Ins. Co., 484 So.2d 1065, 1067 (Ala.1986).
“This Court in State Farm Mutual Automobile Ins. Co. v. Hanna, 277 Ala. 32, 166 So.2d 872 (1964), held:
“ ‘The word “residing” is an ambiguous, elastic, or relative term, and includes a very temporary, as well as a permanent, abode. Phillips v. South Carolina Tax Comm., 195 S.C. 472, 12 S.E.2d 13 [ (1940) ]. It means a dwelling place for the time being, as distinguished from a mere temporary locality of existence. Drew v. Drew, 37 Me. 389. It indicates some intent of permanency of occupation as distinguished from boarding or lodging, but does not require the intent of permanency to the degree required in domicile. 2 Kent’s Comm. (10th Ed.) 576....’”
(Emphasis added.) Id. at 1068-69. In American Liberty Insurance Co. v. Carpenter, 547 So.2d 402, 403 (Ala.1989), quoting Mathis v. Employer’s Fire Ins. Co., 399 So.2d 273, 275 (Ala.1981), we stated that “ ‘[t]o be a “resident” of a named insured’s household an individual must be more than a temporary or transient visitor, and must actually live with others in the same household for a period of some duration.’ ” Generally, the determination of whether someone is a member of a household is a question for the jury, Bayles, at 1069; however, the depositions and facts in this case demonstrate that Darrell did not intend to become a member of his mother’s *116 household and that he did not intend that Timothy be a part of his household. Darrell was merely lodging at his mother’s home while waiting to move into his house on Skyline. The very fact that he closed the loan on a house prior to the accident is indicative of his intentions to maintain a separate household. The following excerpts from Darrell’s deposition indicate to us that there is no substantial evidence that Darrell intended to reside with Timothy and his mother and that the trial court properly concluded therefore, that Timothy was not a member of Darrell’s household on the date of the accident:
“Q. Was it ever your intention to reside permanently there at Deer Run with your mother and your brother Tim?
“A. No.
[[Image here]]
“Q. When did you move into the house at 217 Skyline there in Daleville?
“A. Right at the end of January or early in February. The first week of February. I think it was right at the end of January.
“Q. When did you close the loans and get your deed on the property?
“A. We closed on the 22nd.”
Darrell lived in a separate household from Timothy and his mother prior to January 1988. Then, he moved into their mobile home for approximately two weeks during January, but continued to receive his mail and pay utility bills on 31 Magnolia Avenue through the month of January. He moved into his newly purchased house on Skyline shortly after Timothy’s accident. None of these facts, nor any others in the record, demonstrate that Darrell ever intended to become part of one “household” with Timothy and his mother.
For the foregoing reasons, the judgment is due to be, and'it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.