BOLIN, Justice.
Privilege Underwriters Reciprocal Exchange (“PURE”), a Florida domiciled insurance exchange, obtained a judgment, entered upon a jury verdict, declaring that Peter Grayson was not entitled to coverage under the uninsured-motorist (“UM”) portion of an automobile insurance policy under which Grayson’s sister, Alice Gray-son, was a named insured. The Mobile Circuit Court granted Grayson’s motion to set aside that judgment on the basis that it was void for lack of subject-matter jurisdiction. PURE now appeals. We reverse and remand.
Facts and Procedural History
On October 1,2012, Grayson was injured when the motorcycle he was riding collided with an automobile being driven by an uninsured motorist. Grayson did not sue the uninsured motorist. Rather, he made a claim with his personal UM carrier, who tendered payment of its policy limits of $50,000. Grayson then made a claim on the UM portion of an automobile policy issued by PURE to Robert Knizley—under which Grayson’s sister, then Rnizley’s wife, was a named insured.
On January 17, 2014, PURE brought a declaratory-judgment action, pursuant to § 6-6-220 et seq., Ala. Code 1975 (“the Declaratory Judgment Act”), against Grayson seeking a judgment declaring that Grayson was not covered under the subject policy; specifically, PURE sought a judgment declaring that Grayson was not an insured under the policy because, it alleged, Grayson was not a resident of his sister’s household at the time of the accident as to which he was seeking coverage.[1] PURE requested in its complaint a trial by jury.
On February 3, 2014, Grayson filed an answer and á counterclaim in which he alleged breach of contract based on PURE’s failure to pay him UM benefits under the subject policy over and above what he had already received from his UM carrier. Grayson specifically alleged that he had been involved in a motor-vehicle accident as a result of the negligence of a nonparty uninsured motorist and that, at the time of- the accident, he was a resident of the same household as his sister, who was a named insured under the policy.
After the majority of discovery was completed, PURE moved'for a summary judgment on the basis that Grayson was not covered under the subject policy; Grayson filed a motion and brief in opposition. On September 5, 2014, following oral argument, the trial court entered an order denying PURE’s motion, concluding that there was “sufficient material evidence in dispute to submit the claim [of coverage] to the finder of fact.”
On December 12, 2014, Grayson, pursuant to Rule 42(b), Ala. R. Civ. P., filed a motion seeking “bifurcated, separate trials” in which he requested that his counterclaim1 for damages be tried separately from PURE’s declaratory-judgment action concerning coverage. On December 19, 2014, PURE filed a “Joinder and Clarification of [Grayson’s] Motion for Separate Trials” in which it claimed that the eover- *656 age issue should be tried first because that issue was potentially dispositive of the damages issue; Grayson did not object to the request that the coverage issue be tried first. On January 27, 2015, the trial court entered an order granting PURE’s motion; a trial on the coverage issue was thereafter scheduled for January 2016.
Prior to the trial on the coverage issue, Grayson filed a motion to realign the parties:
“COMES NOW Peter Grayson ... and hereby moves this Court for an order re-aligning the parties in this action, such that Peter Grayson be considered the Plaintiff at trial, and [PURE] be considered the Defendant. As grounds, Grayson would show unto the Court as follows:
“1. This is a declaratory judgment action filed by [PURE] against Peter Grayson in which PURE seeks, a determination as to whether Grayson is an insured under an uninsured motorist policy issued to Alice Grayson by PURE.
“2. The central issue in this case is whether Peter Grayson was a ‘family member’ as defined under the PURE policy issued to Alice Grayson, who is Peter Grayson’s sister.
[[Image here]]
“4. Both Grayson and PURE agree that Grayson bears the burden of proving at trial that he was a ‘family member’ as defined by the policy, ‘Under Alabama law the general rule is that, the insured bears the burden of proving coverage.’ ...
“5. Accordingly, since Grayson bears the burden of proving this fact, then logic dictates that Grayson should be considered the ‘plaintiff,’ and PURE should be considered the ‘defendant’ at the trial of this case.”
On January 8, 2016, the trial court granted Grayson’s motion to realign, and on January 11, 2016, the case proceeded to trial, at which time the parties conceded on the record that, if PURE prevailed in the coverage trial, then the entire case would be “over.”
On January 15, 2016, following a three-day trial, the jury returned a verdict in favor of PURE, finding That Grayson was not covered under the subject policy; the trial court entered a final judgment based on the verdict.' Grayson thereafter filed, pursuant to Rule 60(b)(4), Ala. R. Civ. P., a motion to vacate the judgment on the basis that the judgment was void for lack of subject-matter- jurisdiction. Grayson specifically argued that no justiciable controversy existed- at the trial on the coverage issue because, he contended, in filing its declaratory-judgment action, PURE had essentially requested an advisory opinion that Grayson was not covered under the policy, “assuming” Grayson • obtained a judgment against PURE on his damages claim and “assuming” that that judgment exceeded the $50,000 that he had already recovered from his UM carrier.. Grayson noted that, at the time of the coverage trial, he had not yet reduced his UM claim to a judgment that would have implicated PURE’s coverage. Accordingly, Grayson argued, he was entitled to relief under Rule 60(b)(4) in the form of a new trial.
On April 18, 2016, the trial court entered an order granting Grayson’s Rule 60(b)(4) motion to vacate the judgment in favor of PURE in the trial on the coverage issue for lack of subject-matter jurisdiction; the order further granted a new trial, at which the damages issue would be tried first and the coverage issue would follow “if needed,”
Standard of Review
“The standard of review on appeal from an order granting relief under *657 Rule 60(b)(4), Ala. R. Civ. P. (‘the judgment is void’), is not whether the trial court has exceeded its discretion. When the decision to grant or to deny relief turns on the validity of the judgment, discretion has no field of operation. Cassioppi v. Damico, 536 So.2d 938, 940 (Ala. 1988). ‘If the judgment is void, it is to be set aside; if it is valid, it must stand.... A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process.’ Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala. 1978) (emphasis added).”
Ex parte Full Circle Distribution, L.L.C., 883 So.2d 638, 641 (Ala. 2003)(some emphases added).
Additionally, unless there is a justiciable controversy, the trial court does not have subject-matter jurisdiction under the Declaratory Judgment Act.
“ ‘There must be a bona fide justicia-ble controversy in order to grant declaratory relief. If no justiciable controversy exists when the suit is commenced, then the court lacks jurisdiction.’ Durham v. Community Bank of Marshall County, 584 So.2d 834, 835 (Ala. 1991) (citations omitted). Where ‘the trial court ha[s] no subject-matter jurisdiction, [it' has] no alternative but to dismiss the action.’ State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala. 1999). ‘“Any other action taken by a court lacking subject matter jurisdiction is null and void.”’ Id. (quoting Beach v. Director of Revenue, 934 S.W.2d 315, 318 (Mo. Ct. App. 1996))....
“This Court has recognized that a purpose of the Declaratory Judgment Act, codified at §§ 6-6-220 through -232, Ala. Code 1975, is ‘to enable parties between whom an actual controversy exists or those between whom litigar tion is inevitable to have the issues speedily determined when a speedy determination would prevent unnecessary injury caused by the delay of ordinary •judicial proceedings.’ Harper v. Brown, Stagner, Richardson, Inc., 873 So.2d 220, 224 (Ala. 2003).... 'Further, ‘[w]e have recognized that a justiciable controversy is one that is “‘definite and concrete, touching the legal relations of the parties in adverse legal interest, and it must be a real and substantial controversy admitting of specific relief through a [judgment].’ ” MacKenzie v. First Alabama Bank, 598 So.2d 1367, 1370 (Ala. 1992)(quoting Copeland v. Jefferson County, 284 Ala. 558, 561, 226 So.2d 385, 387 (1969)).’ Harper, 873 So.2d at 224.... Thus, the Declaratory Judgment Act does not ‘ “ ‘empower courts to decide ... abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.’ ” ’ Bruner v. Geneva County Forestry Dep’t, 865 So.2d 1167, 1175 (Ala. 2003)(quoting Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 944 (Ala. 1994), quoting in turn Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963)).
“In determining whether [PURE’s] complaint alleges a bona fide justiciable controversy, we ‘must accept the allegations of .the complaint as true,’ and ‘must also view the allegations of the complaint most strongly in [PURE’s] favor.’ Harper, 873 So.2d at 223,”
Gulf Beach Hotel, Inc. v. State ex rel. Whetstone, 935 So.2d 1177, 1182-83 (Ala. 2006)(emphasis omitted).
Analysis
The issue on appeal is whether PURE’s declaratory-judgment action seeking a determination of whether Grayson *658 was entitled to coverage under the subject policy presented a justiciable controversy so as to invoke the subject-matter jurisdiction of the trial court. PURE argues that both its declaratory-judgment action concerning coverage and Grayson’s UM counterclaim for damages raised the issue of coverage and that either action provided a basis for the trial court’s exercise of subject-matter jurisdiction, making the trial court’s judgment proper. Grayson, on the other hand, maintains that the trial court lacked subject-matter jurisdiction to enter a judgment on the jury verdict because, he says, there was no justiciable controversy between PURE and himself at the time of the trial on the coverage issue because he had not yet shown that his damages exceeded the amount he had receivéd from his own UM carrier. We disagree.
In Federated Guaranty Life Insurance Co. v. Bragg, 393 So.2d 1386, 1388-89 (1981), this Court stated:
“The declaratory judgment act which has been in effect in this state since 1935 has for its purpose ‘to settle and to afford relief from uncertainty and insecurity with respects to rights, status and other legal relations and is to be liberally construed and administered.’ Code of Ala. 1975; § 6-6-221. Section 6-6-223 specifically provides that any party to a contract may bring a declaratory judgment action to determine the validity of that contract.... It has frequently been noted that the declaratory relief provided for in the declaratory judgment acts is especially useful in insurance policy disputes. Borchard’s Declaratory Judgments (2nd ed. 1941). Neither party to an insurance contract should be compelled to wait until the events giving rise to liability have occurred before having a determination of the rights and obligations under the policy.”
(Emphasis added.)
The courts in this State have routinely entertained declaratory-judgment actions filed by insurance companies seeking a determination regarding their rights and obligations under a policy, especially concerning coverage. In Progressive Specialty Insurance Co. v. Steele, 985 So.2d 932 (Ala. Civ. App. 2007), Geico General Insurance Company (“Geico”) filed a declaratory-judgment action naming as defendants, among others, the owner of the insured vehicle and the driver of the vehicle, seeking a judgment declaring that it had no duty to defend against the separate personal-injury action or to provide liability-insurance coverage to the driver, who was operating the owner’s vehicle and who was one of the plaintiffs in the personal-injury action. Progressive Specialty Insurance Company (“Progressive”), the uninsured/underinsured-motorist provider for the plaintiffs in the personal-injury action, intervened as a defendant in Geico’s declaratory-judgment action and sought a judgment declaring that it had no obligation to provide coverage to the plaintiffs. The Court of Civil Appeals noted that, “[djespite the fact that neither the liability of the driver nor Geico’s contractual obligation had been determined at the time Progressive intervened and filed its cross-claim, Progressive’s claim against [the plaintiffs] was a justiciable controversy.” 985 So.2d at 935 n. 1. See also Argonaut Great Cent. Ins. Co. v. Mitchell, 775 F.Supp.2d 1322, 1324 (N.D. Ala. 2011) (“The only issue presented in this [declaratory-judgment action] is whether Defendants’ decedent Scott Mitchell was ‘occupying’ the .Argonaut-insured Madison County Sanitation Department truck at the time he was killed. If so, he was an ‘insured’ under Argonaut’s policy; if he was not ‘occupying’ the insured truck, then no coverage applies.” (emphasis added)); Medlock v. Safeway Ins. Co. of Alabama, 15 So.3d 501 (Ala. 2009)(reversing judg *659 ment on pleadings in favor of insurer when insurer sought a judgment declaring that it owed no UM benefits for injuries to passenger and death of driver who was not listed as a driver on the policies and named insureds filed a counterclaim seeking a judgment declaring that the passenger and driver were covered under the policies); Harmon v. United Servs. Auto. Ass’n, 555 So.2d 114 (1989)(affirming a summary judgment on an insurer’s declaratory-judgment action, holding that a brother involved in an accident was not a member of the insured’s household and thus was excluded from coverage under the insured’s automobile policy); Thompson v. Hartford Accident & Indem. Co., 460 So.2d 1264, 1266-67 (Ala. 1984)(“Be-cause Hartford has property rights which may be affected by the proceedings ... and the parties have a bona fide divergence of opinion as to the question whether Veasley is an insured under the terms of its policy, we agree with the trial court that a justiciable controversy is here presented.”); State Farm Mut. Auto. Ins. Co. v. Jackson, 462 So.2d 346, 347 (Ala. 1984)(“The litigation began when State Farm Mutual Insurance Company filed suit for declaratory judgment arising out of an automobile accident, requesting the federal court for the Northern District of Alabama to find that there was no coverage provided under the uninsured motorist clause contained in seven insurance policies.”); and Southern United Fire Ins. Co. v. Willingham, 739 So.2d 503, 503-04 (Ala. Civ. App. 1999)(“Southern United filed a declaratory judgment action asking the court to hold that it was not obligated to pay the children benefits under the uninsured-motorist-coverage provision in its insurance policy issued to their mother. The children filed a counterclaim, seeking damages. Southern United filed a motion for a summary judgment, which the court denied. The parties agreed to a stipulation of facts, and the court, using those facts, entered a judgment in favor of the children on Southern United’s claim for declaratory relief and in favor of the children on their counterclaim [and then assessed their damages].”).
PURE filed its declaratory-judgment action seeking a determination that Grayson was not entitled to coverage under the subject policy because, it claimed, on the date of the accident, Grayson was not an insured under the policy in that he did not reside in the same household as his sister, who was a named insured. Grayson counterclaimed for UM benefits under the PURE policy—the policy under which his sister was a named insured and under which Grayson claimed to be an insured. PURE specifically alleged that, beginning in February 2012, and up to and through the date of the accident, Grayson resided continuously at_Westchester Court, Mobile, Alabama—a residence different from that of his sister. In viewing the allegations in the complaint most strongly in PURE’s favor, as this Court is required to do, we conclude that a justiciable controversy existed at the time PURE commenced its action insofar as the allegations of the complaint allege a justiciable controversy between PURE and Grayson as to whether Grayson was an insured as that term is defined under the policy. If Gray-son was not an insured under the policy, then there would be no coverage, and he would not be entitled to benefits under the policy. “All that is required for a declaratory judgment action is a bona fide justicia-ble controversy.” Gulf South Conference v. Boyd, 369 So.2d 553, 557 (Ala. 1979). Moreover, after PURE commenced its action, Grayson filed a counterclaim alleging breach of contract and asserting that, on the date of the accident, he was a resident of the same household as his sister and that he was therefore entitled to UM bene *660 fits under the PURE policy over and above the amount his UM carrier had previously paid him for his damages. The trial court thereafter denied PURE’s motion for a summary judgment, and the ease proceeded to trial on the coverage issue. At no point during the proceedings leading to the trial on the coverage issue did Grayson ever dispute the existence of a justiciable controversy. See Harper v. Brown, Stagner, Richardson, Inc., 873 So.2d 220, 223 (Ala. 203)(“The lack of a justiciable controversy may be raised by either a motion to dismiss or a motion for a summary judgment.”). Accordingly, because a justiciable controversy existed between the parties, the trial court had jurisdiction to proceed, and PURE was not compelled to wait until Grayson established damages before having a determination of its obligations— concerning coverage—under the. policy considered by the fact-finder, in this case, the jury. .
Conclusion.
Because the trial court had jurisdiction over the declaratory-judgment action, the judgment in favor of PURE is not void, and it must stand. Ex parte Full Circle Distribution, L.L.C., supra. The order setting that judgment aside is reversed, and the cause is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Parker, Main, and Bryan, JJ., concur.
Murdock, J., concurs specially.

. The PURE policy provides that "[w]e will pay compensatory damages which an ‘insured’ is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle’ because of ‘bodily injury.' ” The policy defines an “insured” as "you” or any “family member.” The policy defines "family member” as "a person related to you by blood, marriage or adoption who is a resident of your household.”